IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. TURNER, | *FILED ELECTRONICALLY* |
| Plaintiff, | |
| | CIV. ACTION NO. 4:18-cv-00361 |
| vs. | |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS; CORRECTION CARE SOLUTION, CARL KELDIE, JOSEP SILVA (DEPARTMENT OF CORRECTIONS HEALTH CARE SERVICE DIRECTOR), DR. PAUL NOAL, DR. JAY COWAN, THE DOC'S HEPATITIS C COMMITTEE, SCI FRACKVILLE'S MA KUREN, VISOR MS. KURAS, CHDA MS. HOLLY and SHARON SELBI; RN any and all individuals or entities responsible for my HEALTH CARE and/or DOC MEDICAL POLICIES, | |
| Defendants. | |

## **BRIEF IN SUPPORT OF MOTION TO DISMISS**

I. **STATEMENT OF THE CASE**

Plaintiff, William Turner, an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at SCI-Frackville, initiated the instant action on January 19, 2018 in the Court of Common Pleas of Schuylkill County, Pennsylvania. This matter was subsequently removed to the instant Court

on February 13, 2018 by Defendants, Correct Care Solutions, LLC, Dr. Carl Keldie and Dr. Jay Cowan ("Moving Defendants").

Within his Complaint, Mr. Turner alleges that he has been denied medical treatment for hepatitis C, arthritis, and a number of other medical ailments, and that said denials were based on financial considerations. Mr. Turner fails to include any specific allegations with regards to each Defendant or any dates identifying when any alleged actionable events occurred. Moreover, Mr. Turner's causes of action are unclear. He asserts two "cause[s] of actions" but includes references to multiple theories of liability within both, including wanton negligence, recklessness, negligence, due process, equal protection, and Eighth Amendment. Moving Defendants have attempted to liberally discern Mr. Turner's claims and respond to same.

Mr. Turner's Complaint must be dismissed because he has failed to allege any personal involvement on the parts of Dr. Keldie or Dr. Cowan (neither of whom work at SCI-Frackville or have ever seen Mr. Turner as a patient). Further, he has not identified any policy, custom, or practice of Correct Care Solutions which causally resulted in deliberate indifference to his alleged serious medical needs, but makes a general allegation of "denying care for financial reasons," which has been held insufficient to sustain a claim. Next, he has failed to sufficiently plead a claim for violation of his rights under the Fourteenth

2

Amendment, and has failed to file valid certificates of merit to support any claims of professional negligence. Accordingly, Defendants, Correct Care Solutions, LLC, Dr. Carl Keldie and Dr. Jay Cowan, now move for dismissal of Plaintiff's Complaint.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (*citing* Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in Twombly, the "factual allegations must be enough to raise a right to relief above the speculative level." Id. After Ashcroft v. Iqbal, 556 U.S. 662 (2009), a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, the Court must separate the factual and legal elements of the claim. Id. at 210-11. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. at 211 (*citing* Iqbal 556 U.S. at 678-79). The determination for plausibility will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 211 (*quoting* Iqbal 556 U.S. at 678-79). "Pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Id. at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 210 (*quoting* Iqbal, 556 U.S. at 678).

III. **ARGUMENT**

    A.    **PLAINTIFF'S CLAIMS AGAINST DR. CARL KELDIE AND DR. JAY COWAN SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ARTICULATE THE PERSONAL INVOLVEMENT OF DR. KELDIE AND DR. COWAN.**

4

In his Complaint, Mr. Turner predominantly makes generalized references to the actor(s) as "Defendants," without making any differentiation between them, though they are of quite varied roles and identities. In the few instances where Plaintiff does identify certain Defendants by name, specifically within the "Defendants" section of his Complaint, he makes general, vague, and conclusory allegations regarding their conduct. See ECF No. 1-1, ¶¶ 3-12. Mr. Turner has offered no facts that would suggest that Dr. Keldie or Dr. Cowan were personally involved in his medical care, or that they were otherwise responsible for the deprivations that serve as the basis for his Complaint. Dr. Keldie works for CCS in Nashville, Tennessee, and Dr. Cowan is the state medical director for CCS and is located in Lemoyne, Pennsylvania. Neither has ever had any clinical interaction with Mr. Turner.

In order to advance a § 1983 claim against an individual, an inmate must show, via the Complaint's allegations, that the Defendant was personally involved in the events of occurrences that underlie a claim. Rizzo v. Goode, 423 U.S. 362 (1976); Zerbe v. Karnes, No. 4:07-cv-413, 2008 WL 220414 at *4 (M.D. Pa. Jan. 25, 2008). Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations of participation of actual acquiescence, however, must be made with appropriate particularity. Id. at 1207-08 (*citing*

Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980) (civil rights complaint adequate where it states time, place, and persons responsible)); see also Davis v. Samuels, 608 F. App'x 46, 49 (3d Cir. 2015) (affirming dismissal because prisoner "made no attempt to allege particular facts leading to the conclusion that [defendant] personally knew of or acquiesced in any of the challenged conduct of subordinates"); Arroyo v. Li, 3:13-cv-1506, 2014 WL 4294506, at *3 (M.D. Pa. Aug. 28, 2014) (explaining that each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrence that underlie a claim).

Within the "Facts" section of his Complaint, Mr. Turner fails to mention a single Defendant by name. See ECF No. 1-1, ¶¶ 14-20. Similarly, Mr. Turner does not specifically name any of the Defendants within the "Claims" section of his Complaint, but rather refers to the Defendants collectively.[1] The only portion of the Complaint which addresses any Defendant individually, aside from CCS, is the "Defendants" section, wherein Mr. Turner makes vague statements about the alleged denial of treatment for Hepatitis C and arthritis and repeatedly alleges that the denial of medical care was financially motivated. See e.g. ECF No. 1-1: ¶ 4

---

[1] Mr. Turner also fails to set forth specific counts against each Defendant and specify his causes of action. Rather, he alleges two "cause[s] of actions," both against the Defendants collectively. Within the "First Cause of Actions" he uses the following phrases: wanton negligence, reckless, negligence, due process, equal protection, and Eighth Amendment. ECF No. 1-1, ¶ 21. In the "Second Cause of Actions," Mr. Turner uses the phrases: wanton negligence, reckless, negligence, and Eighth Amendment. ECF No. 1-1, ¶ 22. Notwithstanding, he fails to set forth facts to substantiate any of these causes of actions.

("Defendant Carl Keldie relating to Correction Care Solutions who makes decisions on protocol for treatment is being sued for disregarding what was diagnose, and its cause as well as its effect without treatment, all because of cost…"); ¶ 5 ("Defendant Josep Silva also (CCS)…is being sued once disregarding what was diagnoses all because of cost…");[2] ¶ 7 ("Defendant Dr. Jay Cowan another DOC HCSD, is being sued for not addressing what was filed in the grievance, also relying on cost to deny treatment disregarding pain and suffering…"); ¶ 8 ("Defendant Dr MA Kuren…is being sued because of knowing what Plaintiff Turner was going through., yet allowed cost to deny treatment as well as disregarding other medical.; needs…"); ¶ 10 ("Defendant CHDA Ms. Holly…is being sued that set in on these decisions when it comes to cost and denying treatment…").

Moreover, Mr. Turner fails to provide specific dates of alleged violations or identify specific Defendants involved in the alleged violations. He makes factual statements against no one in particular, see e.g. ECF No. 1-1, ¶ 18 ("And with no medical justification on why Turner.; could not receive treatment for Hep-C; when Harvoni, has a 99 percentage cure rate"); or states that the Defendants, collectively, violated his rights, see e.g. ECF No. 1-1, ¶ 20 ("These wanton negligence, reckless and negligence acts by the Defendants from paragraph 3 to 11, who denied Turner

---

[2] Upon information and belief, Mr. Silva is actually employed by the DOC.

treatment just because of cost relating to Hepatitis C, and arthritis, has place Plaintiff.; in harms way when it comes to the Eighth Amendment on what is diagnose").

On the whole, Mr. Turner is basically setting forth that he has been denied treatment for hepatitis C and arthritis, that he contends it is due to cost, and he has selected persons to name as Defendants who he believes were responsible, but with whom he has never had any personal interaction.  Accordingly, there probably are no "events" which can be pointed to, or any more specific facts which might underlie the claims.  Mr. Turner has failed to plead facts sufficient to show that any of the Moving Defendants actually participated in Plaintiff's medical care or that they had the requisite subjective state of mind for liability.  As such, Mr. Turner's allegations do not allege the participation of Moving Defendants with the particularity required to survive a Motion to Dismiss, do not raise his right to relief above the speculative level, and are precisely the type of "blanket assertions" barred by Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted); see also Rode 845 F.2d at 1207.  Accordingly, Plaintiff's Complaint is not sufficient as a matter of law to show the personal involvement of Moving Defendants and, as a result, any and all claims for violation of Mr. Turner's rights under the Eighth Amendment must be dismissed.

B. **PLAINTIFF'S COMPLAINT FAILS TO ARTICULATE A COGNIZABLE CLAIM FOR VIOLATION OF THE EIGHTH AMENDMENT AGAINST CORRECT CARE SOLUTIONS, LLC.**

Mr. Turner's Complaint fails to set forth any factual allegations against Correct Care Solutions which are sufficient to state any theory of liability sufficient to survive at the Rule 12(b)(6) stage.

First, to the extent that Mr. Turner purports to assert liability as to Correct Care Solutions premised upon vicarious liability and *respondeat superior*, Plaintiff's allegations must fail as a matter of law because vicarious liability is not recognized under 42 U.S.C. § 1983 and, thus, Correct Care Solutions cannot be vicariously liable for the alleged unconstitutional acts of its employees.

"In Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689 (1978), the United States Supreme Court held that although municipalities and other local governmental bodies are 'persons' within the meaning of section 1983, a municipality may not be held vicariously liable under section 1983 solely because of the existence of an employer-employee relationship with a tortfeasor." Patterson v. Armstrong Cty. Children & Youth Servs., 141 F. Supp. 2d 512, 525 (W.D. Pa. 2001). "Monell applies not only to municipalities, but also extends to private organizations faced with Section 1983 liability for actions under color of state law." Kauffman v. Pa. Soc'y for the Prevention of Cruelty to Animals, 766 F. Supp. 2d 555, 561-62 (E.D. Pa. 2011); see also Regan v. Upper Darby Twp., 363

9

F. App'x 917, 922 (3d Cir. 2010) ("[A] city, municipality, or private entity that is a state actor may not be held vicariously liable under § 1983 for the actions of its agents because there is no *respondeat superior* theory of municipal liability."); Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

As such, liability of such entities may not rest on *respondeat superior*, but rather must be based upon a governmental policy, practice, or custom that caused the injury. Monell, 486 U.S. at 690-94; see also Thomas v. Zinkel, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001). Therefore, in order to state a § 1983 claim against Correct Care Solutions, "the plaintiff must show that the corporation, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [plaintiff's] constitutional harm.'" Roach v. SCI Graterford, 398 F. Supp. 2d 379, 388 (E.D. Pa. 2003) (*quoting* Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)); Baez v. Falor, 2012 U.S. Dist. LEXIS 138574, *135, 2012 WL 4356768 (W.D. Pa. 2012).

Here, Mr. Turner has not identified any policy, custom, or practice of Correct Care Solutions which causally resulted in deliberate indifference to his alleged serious medical needs. In fact, Mr. Turner fails to make a single factual

allegation against CCS, aside from allegations that some of the individual Defendants are "relat[ed] to" CCS. See e.g. ECF No. 1-1, ¶¶ 4-5. None of the allegations suggest wrongdoing on the part of Correct Care Solutions by way of policy, practice, or custom. As Correct Care Solutions cannot legally be held liable without allegations which might bring it within Monell,

The closest the Complaint comes to alleging a custom, policy, or practice are Mr. Turner's allegations that he was denied treatment "just because of the cost," (¶ 20), or "relying on cost to deny treatment" (¶¶ 4, 5, 7). This kind of vague allegation has been held insufficient to sustain a Monell claim. In Winslow v. Prison Health Servs. (PHS), 406 F. App'x 671, 674 (3d Cir. 2011), the Third Circuit affirmed the dismissal of a Complaint at the Rule 12(b)(6) stage on these same grounds, writing:

> For one thing, the complaint's allegation that Winslow was harmed by "policies to save money" is exceedingly conclusory; the complaint does not provide any indication either of (1) what the relevant policies are, (2) what basis he has for thinking that "policies to save money" affected his medical treatment, or (3) what specific treatment he was denied as a result of these policies. More fundamentally, the naked assertion that Defendants considered cost in treating Winslow's hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment. *See* Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997) ("[T]he deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.")

11

Winslow, 406 F.App'x at 674. *See also,* Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, at *15 (M.D. Pa. 2013) (Allegation of "practice of putting profits ahead of the medical needs of prisoners" held insufficient to state claim).

Plaintiff has necessarily failed to establish a claim upon which relief can be granted. Therefore, Plaintiff's Eighth Amendment claims against Correct Care Solutions must be dismissed as a matter of law.

    **C.    PLAINTIFF'S CLAIMS SOUNDING IN VIOLATIONS OF THE FOURTEENTH AMENDMENT ARE NOT SUFFICIENTLY ALLEGED IN THE COMPLAINT AND THEREFORE, MUST BE DISMISSED.**

In his Complaint, Plaintiff vaguely argues that the perceived lack of medical treatment "violated due process and equal protection of the law." ECF No. 1-1, ¶ 21. Plaintiff fails to articulate whether he is asserting his due process violation under the Fifth or Fourteenth Amendment. As this lawsuit does not involve a criminal trial or proceeding and the civil rights afforded thereto, any and all claims sounding in Fifth Amendment violations cannot survive as a matter of law. Moreover, Plaintiff's attempt to assert a claim for violation of his rights under the Fourteenth Amendment of the United States Constitution is unsupported by the facts.

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The

Equal Protection Clause announces the "fundamental principle" that "the State must govern impartially," New York City Transit Auth. v. Beazer, 440 U.S. 568, 587, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979), and "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); Evans v. Wayne County Corr. Facility, 2012 U.S. Dist. LEXIS 50263, 37 (M.D. Pa. 2012). Plaintiff's allegations, however, do not make out an equal protection claim. He does not complain that he is being discriminated against; nor does he allege that others similarly situated are being treated differently due to their race, nationality, religion, etc. Rather, he avers that he has been denied treatment. As such, this does not state an equal protection claim.

Moreover, Plaintiff makes no mention of a procedural due process violation. To prevail on a procedural due process claim, a plaintiff must satisfy two elements: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). Desavage v. Grove, 2009 U.S. Dist. LEXIS 70572, 6, 2009 WL 2487110 (M.D. Pa. 2009). Plaintiff, however, has pled neither.

As Mr. Turner has failed to articulate any facts that would support either an equal protection or due process violation of the Fourteenth Amendment, any and all allegations of the purported violations of the Fourteenth Amendment should be dismissed.

    **D.    MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL AS TO ANY PROFESSIONAL NEGLIGENCE CLAIM BECAUSE PLAINTIFF FAILED TO FILE VALID CERTIFICATES OF MERIT.**

Although it appears that Mr. Turner has attempted to assert a professional negligence claim against Moving Defendants, he has failed to file a valid Certificate of Merit pursuant to the Pennsylvania Rules of Civil Procedure and, therefore, his professional negligence claims must be dismissed.

The Third Circuit has held that Rule 1042.3 is substantive law that must be applied by federal courts under Erie R.R. v. Thompkins, 304 U.S. 64 (1983). Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-4 (3d Cir. 2011). Rule 1042.3 requires a plaintiff in a medical malpractice action to file a certificate of merit with the complaint or within sixty days thereafter attesting that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the [medical service described] in the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R.C.P. 1042.3. These requirements of state law apply with equal force to counseled complaints and to *pro se* medical negligence

14

actions brought under state law. See Hodge v. Dept. of Justice, 372 F. App'x 264, 267 (3d Cir. 2010).

At the initiation of suit, Mr. Turner filed what purports to be a single Certificate of Merit. Its body reads as follows:

> I, William D. Turner, filed this certificate of merit concerning the complaint on what was diagnose, where the Defendant's deviated from an acceptable professional standard by disregarding care and the law on such.[1]

The footnote states "warranting no other opinion." ECF No. 1-2, p. 3. Accordingly, Mr. Turner is either seeking to personally provide the opinion that the standard of care was violated, or, pursuant to the footnote, he is contending that no opinion evidence is required.

The Certificate of Merit rules require that a plaintiff vouch that "an appropriate licensed professional" has supplied a written statement that there exists a reasonable probability that the standard of care was violated. Pa.R.Civ.Pro. 1042.1, *et seq.* This requirement is not satisfied by a litigant simply signing a statement avowing their opinion that defendants "deviated from an acceptable professional standard," even if the plaintiff were otherwise an "appropriate licensed professional," which Mr. Turner is not.

Secondly, this case does not fall within the *res ipsa loquitur* exception of Pa.R.Civ.Pro. 1042.3(a)(3), that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." While Plaintiff's Complaint is not very specific, he contends that he has been wrongfully denied treatment for hepatitis C and for arthritis. It is well established law within the Commonwealth that where the alleged lack of professional skill or care by a defendant physician was not so obvious as to be within the range of experience and comprehension of non-medical persons, the plaintiff is obligated to present expert testimony establishing to a reasonable degree of medical certainty that the physician's acts deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered. Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003); Hightower-Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997); Mitzelfelt v. Kamrin, 584 A.2d 888, 892 (Pa. 1990).

As Plaintiff's Complaint alleges medical negligence for a failure to properly treat his medical conditions and maladies that are beyond the knowledge of the average lay person, he is required by Pennsylvania law to present expert testimony to prosecute these claims. A lay juror could not otherwise be expected to decide whether the Defendants acted negligently regarding treatment of hepatitis C or arthritis, or make a causation determination regarding Plaintiff's claimed ailments. Plaintiff's failure to produce a proper Certificate of Merit should therefore result in

the dismissal of any and all claims of professional negligence against Moving Defendants.[3]

## IV. **CONCLUSION**

Based on the foregoing, Defendants, Correct Care Solutions, LLC, Dr. Carl Keldie and Dr. Jay Cowan, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

                    WEBER GALLAGHER SIMPSON STAPLETON
                    FIRES & NEWBY LLP

                BY: /s/ Meghan K. Adkins
                      Meghan K. Adkins, Esquire
                      madkins@wglaw.com
                      PA ID No. 320908

                      /s/ Samuel H. Foreman
                      Samuel H. Foreman, Esquire
                      sforeman@wglaw.com
                      PA ID No. 77096

                      WEBER GALLAGHER SIMPSON
                      STAPLETON FIRES & NEWBY, LLP
                      Four PPG Place
                      5th Floor
                      Pittsburgh, PA 15222
                      (412) 281-4541
                      (412) 281-4547 FAX

Dated:     April 10, 2018

---

[3] Lest Defendants later be asserted to have waived the argument, Defendants also point out that Pa. R.C.P. 1042.3(b)(1), requires "[a] *separate* certificate of merit [to] be filed as to each licensed professional against whom a claim is asserted."

## CERTIFICATE OF SERVICE

I, Meghan K. Adkins, Esquire, hereby certify that on this date a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss** was sent to all counsel of record *via* CM/ECF and by first class United States mail, postage prepaid, to the following:

>Wlliam D. Turner, AM5992
>SCI-Frackville
>1111 Altamount Blvd
>Frackville, PA  17932

>/s/ Meghan K. Adkins
>Meghan K. Adkins, Esquire

Dated: April 10, 2018