IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
APR 2 6 2018
PER_____
DEPUTY CLERK

WILLIAM D. TURNER,
    PLAINTIFF.

V.

MEMORANDUM OF LAW

CASE. NO. 4:18-cv-00361

JOHN E. WETZEL, ET AL.,
    DEFENDANTS.

MEMORANDUM OF LAW TO COMPLAINT
UPON RECEIVING THE MOTION TO
DISMISS BY DEFENDANTS.

Plaintiff Turner filed a grievance on August 16, 2017[1] relating to a continual refusal by Department of Corrections (DOC); to treat Plaintiff's Hepatitis and arthritis.   Who stated on December 5, 2017; the Bureau of Health Care service ; that medical care provided was reasonable and appropriate[2] contrary to Abu-Jamal v. Wetzel, civil action No. 16-2000[.,] 2017 U.S. Dist. LEXIS 368, 2017 WL 34700(M.D. January 3, 2017 which was cited in the grievance, see footnote one.

Where Plaintiff William D. Turner is an inmate presently house at SCI Frackville, and by this stated above he filed a civil action in the State Court, on or about January 17, 2018; which was remove by the Defendants, on February 13, 2018., who filed an Motion to Dismiss on or about April 10, 2018.

---

1. EXHIBIT(A), the initial grievance citing Abu-Jamal, Id.
2. EXHIBIT(B), the Defendants' final reply.

Upon receiving the Motion to Dismiss, Plaintiff Turner.; moves by this memorandum.; where this Court., is require[d] to "accept all of the factual allegations, contained in the civil action Complaint as true," Erickson v. Pardus, 551 U.S. 89,94 127 S,Ct. 2197, 167 L.Ed 1081(2007); Cruz v. Beto, 405U.S. 319 (1957).. Who is bound by the Pennsylvania Federal Rules [of] Civil Procedure. Rule. 8(a) and all inference, must be in favor of the Plaintiff.

Where attorney Meghan K. Adkins, for the Defendants took the position Turner's complaint must be dismissed, because he has failed to allege any personal involvement on th[e] part of Dr. Keldie or Dr. Cowan (neither of whom work at SCI-Frackville, or have ever seen Turner as a patient) see page 2., of Motion.

Disregarding, Barkes v. First Corr. Med., Inc. 788 F.3d 307,319(3d Cir. 2014), overruled on other grounds sub nom.,' Taylor v. Barkes.___U.S.___, 135 S.Ct. 2042, 192 L.Ed.2d [78] (2015). Supervisors "may be liable for unconstitutional acts undertaken by subordinates" in two ways. id at 316. First, [] maintained a policy, practice or custom which directly caused [the] constitutional harm," Id(alteration in original)(quoting A.M. ex rel, J.M.K. V. Luzerne Cty, Juvenile Det, Ctr. 372 F.3 d 572, 586(3d Cir. 2004))." Second, 'a supervisor may be [ ] personal liable under §1983 if he or she participate in violating the plaintiff's rights, directed others to violate them or, as person in charge, had knowledge of and acquiesced.,' in th[e]] subordinate's unconstitutional conduct."

These practices and customs took place concerning Turner when CHDA Ms. Holly, at SCI Frackville, on March 20, 2017; who

(2)

respond to inmate's request to staff member; through RN., and Turner, quote "I was told, case was over concerning Hep-C and since we fall under med-care, my question is why I have not' been prep for treatment," RN Ms. Sharon Selbi., for Ms. Holly replied "you will be schedule for a medical conference which will be arranged with the RHU security for the date and time; which never took place see. Exhibit(C).

That goes contrary to the Law in Abu-Jamal v. Wetzel and Estelle v Gamble, 429 U.S. 97,103(1976), on what is diagnose., now for the Defendants; to say they have no involvement., when they created this atmosphere provin[g] a motion to dismiss; is in appropriate once there is facts in dispute. Motion, page. 2 to 3.

Defendants' attorney argues at page 4, Plaintiff's claims against Dr. Carl Keldie and Dr. Jay Cowan., should be dismiss because Plaintiff Turner, has failed to articulate [ their ] personal involvement; Turner, reject this position because the Correct Care Solution., was one of the architect of [ those ] protocols to deny treatment for Hep-C.

And when a grievance is filed citing Abu-Jamal v. Wetzel they was put on notice accordingly to FRCP Rule. 8(a) also the grievances,; concerns was presented to central office.,' see. Exhibit(D), as well as Evancho v. Fisher 423 F.3d 347(3d Cir. 2005), with non action CHDA Ms. Holly of March/2017, stated in exhibit(C).

Also Defendant Dr. Carl Keldie relating to Correction Care Solution, who is Correct Care Solution, is apart of those corporations that maintain these policies to stop treatment for

(3)

Hep-C., just because of cost. Allowing Turner, to suffer [a] rash that burns when washing up and during sweating a sign of cirrhosis; now to say they have no part in this matter when a grievance is filed stating the Law on treatment, Abu-Jamal.vs. Wetzel. Id.

The same with Defendant Joseph Silva of (CCS)., another member of the corporation who acquiesce to maintain these (PP) policies of protocols to cease treatment for Hep-C, all because of cost, causing Turner to suffer these injuries as well as Dr Jay Cowan, of DOC HCSD, who was also notified once the grievance was filed citing Abu-Jamal v. Wetzel.

Defendant Dr. MA Kuren, DOC, HCC at Frackville, who o'see Turner's; chronic clinic every six months where Turner explain his situation of Hep-C., concerning the rash with its affects of burning that was stated in the grievance. Only to be denied treatment for this matter also the affects of arthritis.; with pain and numbness of the fingers yet received no treatment see Chimenti v. Pa. Dep't of Corr., 2017 U.S. Dist. LEXIS 124892[] (E.D.Pa., Aug. 7, 2017), on Hep-C and Estelle v. Gamble, 429 U.S. 97,103(1976), on what's diagnose.

Defendant CHDA Ms. Holly, who also sit on the DOC, HCC at Frackville, was written to yet allowed her RN.; to respond[3]. but took no action from this date March/2017; including [now] letting these injuries of pain and suffering to continue, that warrants this Memorandum of Law for clarity to the Defendants' Motion to Dismiss, at page 4to7.

And when these persons who are being sued in their individual

---

3. Exhibit(C).

(4)

and official capacities, denied treatment on the findings of cost causing Turner; to still suffer these medical complications.; has open a door on a plausible Eighth Amendment claim., see. Allah v. Thomas, 679 F App'x 216, 220(3d Cir. 2017;(quoting Roe v. Elyea, 631 F.3d 843,863(7th Cir. 2011), for guidance.

Moreover, by Turner's memorandum with some dates, and facts;[d]emonstrates this Court, should be able to see there's [facts] in support of his claims of denial of treatment which addresses the issue a motion to dismiss; is in appropriate see Cruz v. Beto, 405 U.S. 319, 32291972). And Conley v. Gibson., 355 U.S. 41,45-46(1957).

Turner, argues a pro-se complaint, should be held to a less strict standard as an attorney, who moves to address other violations. These wanton negligence, reckless, and negligence act by the Defendants, page 7to8. Who knew yet denied treatment just because of cost relating to Hepatitis C, and Arthritis.;' which has place Turner, in harms way.

Memorandum, is appropriate with exhibits to address [a] motion to dismiss by the Defendants; when Turner can prove they acted under the color of State Law; concerning the two essential elements when they violated Turner's State and Federal rights (1) That a right secured by the Constitution or Law of [this] United States was violated and (2) That the alleged violation was committed by a person acting under the color of State Law.;' see. West v. Alkins, 487 U.S. 42,48,108 S.Ct 2250, 101 L.Ed. 2d 40(1988).

This issue here is care and custody where the Defendants " acts and missions in failing to provide any medical [care;] that constitute a deliberate indifference to the serious medical

(5)

needed such as Turner infected with Hepatitis., thereby show/ establishing, a violation of the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, Id. Also failure to treat can result [in] substantial and unnecessary suffering, injury, or death., see Tsakons v. Cicchi.; 308 F App'x 628-32(3d Cir. 2009).

Defendants' attorney took the position at page. 9., of their motion to Dismiss, stating Turner's complaint., fail to articulate a cognizable claim for violation of th[e] 8 Eighth Amendment, against Correct Care Solution on premise vicarious liability unless the corporation; with deliberate indifference to the consequences, establish and maintained a policy citing Monell v. New York City Dept. of Social Sevs, 436 U.S. 658-89 (1978), page. 9to12 of their Motion to Dismiss.

And Turner; agrees, because his complaint is all about policies and customs where Turner received no treatment for Hep C., all because of protocol implemented by Correct Care Solution who can be held liable for any constitutional deprivations.;' suffered by Turner. If there is a direct causal link betwee[n] a...policy or custom and the alleged constitutional deprivation, City of Canton v. Harris, 489 U.S. 378,385,109 S.Ct. 1197,103 L.Ed.2d 412(1989).

A direct causal link can be shown in two ways. First.,' " a body [such as Correct Care Solution]..can be sued directly if it is alleged to have caused a constitutional tort through 'a policy, statement, ordinance, regulation, or decision [   ] officially adopted and promulgated by the body's officers.;'' City of St Louis v. Praprotnik, 485 U.S. 112,121, 108 S.Ct 915 ,99 L.Ed.3d 107(1988), Second, the claimant can establish the

(6)

requisite causal link between the constitutional deprivation of no treatment for Hep-C., or arthritis.

Where a grievance was filed stating the Law and, names such as Carl Keldie, Joseph Silva, Dr. Paul Noal[4], Dr. Jay Cowan and other[5] who acquiesce the protocol policie[s] and, customs; denying treatment all because of cost, demonstrating a plausible Eighth Amendment claim and wanton negligence claim as well.

Since the Defendants attorney moved for a "motion [to] dismiss," a memorandum is warranted to address the due process claim of page 12to14; by affidavits of inmates at SCI Frackville; who received treatment for hep-C., citing Abu-Jamal v. Wetzel, 2017 WL 34700(M.D.Pa. Jan. 3, 2017). Where Doctor Noel; I spell Noal, which might be incorrect; for Correct Care Solution.;'' testified in this case "protocol does not precluded treatment for Hep-C., showing this is a policy and custom; explaining more Hep-C.; can cause skin conditions., necrolytic acral erthema' (NAE) if I'm correct as well psoriasis and eczema, see th[e]] Exhibit(E), the Affidavits. 1,2

Attorney for the Defendants; when on at page 12to14; to say Turner failed to articulate whether he is asserting [his] due process violations under the Fifth or Fourteenth Amendment. Which moves Turner; by these affidavits, satisfying the 2 two prong test of Kentucky Dep't Corrections v. Thompson, 490 U.S. 454(1989).

By this stated above, and the Bill of Right under the

---

4. Exhibit(E), the Affidavits. 1,2
5. Exhibit(A), the initial grievance citing Abu-Jamal v. Wetzel.

(7)

Fifth Amendment Turner can also move by the Fourteenth as well demonstrating by a Memorandum with exhibits there are [facts] in support of Turner's claims proving Defendants' Motion to Dismiss; must not stand.

Attorney for the Defendants; took the position at page 14to17, to dismiss any Professional negligence claim., because Turner; failed to file a valid Certificate of Merit, petition where the Defendants., diagnose Turner with Hep-C and Arthritis. Who offered no dispute on their diagnoses and gave [no] treatment, now for the Attorney; to move in this matter, ha[s] disregarded Rule 1042(a)., footnot; or "stated another way" also there no strict construction of the rules. [6].

This demonstrates the Defendants; deviated from [ an ] acceptable professional standard; by not given any treatment.; just because of policy when it comes to cost proving a motion to dismiss; should not stand.

Turner, has addressed every persons mention in thi[s] Motion to Dismiss and states he entitled to relief from all individuals mention or not who's responsible for his [h]ealth care and doc medical policies.

Respectfully submitted

/s/ William D. Turner
William D. Turner
AM 5992
1111 Altamount Blvd

Date. 4/20/18

---

6. Pennsylvania Rules of Civil Procedure. Rule. 126. The Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they're applicable. And the Court would disregard error or defects as long no parties right are violated.

(8)

| | |
|---|---|
| WILLIAM D. TURNER, | : |
| Plaintiff, | : CIVIL DIVISION |
| v. | : Case No.: 4:18-CV-00361 |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS; CORRECTION CARE SOLUTION, CARL KELDIE, JOSEP SILVA (DEPARTMENT OF CORRECTIONS HEALTH CARE SERVICE DIRECTOR), DR. PAUL NOAL, DR. JAY COWAN, THE DOC'S HEPATITIS C COMMITTEE, SCI FRACKVILLE'S MA KUREN, VISOR MS. KURAS, CHDA MS. HOLLY and SHARON SELBI; RN any and all individuals or entities responsible for my HEALTH CARE and/or DOC MEDICAL POLICIES, | : |

# EXHIBITS

*William D. Turner*

4.20.18

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
1041355?
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR<br>Ms. Newberry | FACILITY:<br>SCI Frackville | DATE:<br>3.16.17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>AM 5092 XXXX William D. Turner | SIGNATURE OF INMATE:<br>William D. Turner | |
| WORK ASSIGNMENT:<br>Glp | HOUSING ASSIGNMENT:<br>AC 17 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I'am filing this grievance because the continue refusal of DOC to treat my hepatitis C is causing me ongoing health problem, including cirrhosis, concentration and memory problems, chronic fatigue, a skin rash, and eyes, are having problems.
I'am submitting this grievance against the DOC, Secretary Wetzel, Correct Care Solution, Carl Keldie, Joseph Silva(DOC Health Care Services Director), Dr Paul Noel, Dr. Jay Cowan, the DOC's hepatitis C committee, SCI Frackville Doctor MA Kurer, visor Ms. Kuras, CHA Ms. Polly and Sharon Selici; Ar any and all individuals or entities responsible for my health care and/or DOC medical care policy. The hepatitis C from which I suffer is causing on-going and irreversible damage to my liver, I have cirrhosis and the above named symtoms, and been placed at a much greater risk of developing liver disease, hepatocellular carcinoma, as well as an increased risk of death. I have not been treated even though I was told I would be to see my Abu-Jamal v. Wetzel, that warrants hundred thousand or more dollars by these acts. There is no medical reasons for denying treatment, as the medications for Hep-C are fast acting, safe, and effective which should been treated years ago, but the DOC has denial and delayed treatment without any medical justification justification up to presently present time.
I'am requesting treatment with direct-acting artiviral drugs and monetary for the extreme delay and continued denial of necessary treatment for my Hep-C.

B. List actions taken and staff you have contacted, before submitting this grievance.

persons stated above from the DOC and Frackville SCI

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____    8\15\17
Signature of Facility Grievance Coordinator            Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

Exhibit(A) 1

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

2017

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | William Turner | Inmate Number: | AM-5992 |
|---|---|---|---|
| SCI Filed at: | Frackville | Current SCI: | Frackville |
| Grievance #: | 692554 | | |
| Publication (if applicable): | | | |

**Decision:**
☑ Uphold Response (UR) Health Care
☐ Uphold Inmate (UI)
☐ Uphold in part/Deny in part

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**   *Frivolous*

This office is in receipt of your appeal, has reviewed all applicable documents and consulted with relevant professional staff. In your grievance you claim that you have Hepatitis C and that you are being denied treatment. You claim that the lack of treatment is causing ongoing health concerns which you list as cirrhosis, concentration and memory issues, chronic fatigue, skin rash, and vision concerns. You go on to claim that you are being placed at an increased risk of liver disease. You seek treatment for your condition and monetary relief.

A review of the records by the Bureau of Health Care Services (BHCS) reflects that the medical care provided was reasonable and appropriate. The DOC has updated its protocol for treating Hepatitis C. You are not currently a candidate for treatment in accordance with the protocol and will continue to be monitored in chronic care clinic as determined by your treatment plan.

There is an orderly progression that is required before treatment with certain tests, etc. So, as you move ahead, you will be included in these tests as part of this work up prior to treatment. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. No evidence of wrong doing has been identified. Based on the review, your appeal and any requested relief is denied.

| Signature: | Dorina Varner |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 12/5/17 |

DLV/MEB

cc: DC-15/Superintendent Brittain
Grievance Office

Exhibit (B)

B

DC-ADM 804, Inmate Grievance System Procedure
Section 2 – Appeals
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 2-F

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) CHCA Ms Hohhy
2. Date: 3.20.17
3. By: (Print Inmate Name and Number) William D. Turner, AM5992
   Inmate Signature: William D. Turner AM5992
4. Counselor's Name: M.B.
5. Unit Manager's Name: M.W.
6. Work Assignment: None
7. Housing Assignment: RHU EB 29

8. Subject: State your request completely but briefly. Give details.

I was told, case was over concerning Hep C, and since we fall under med-care my question is why I have not been prep for treatment?

Sincerely,
ed. Turner

9. Response: (This Section for Staff Response Only)

You will be scheduled for a medical conference which will be arranged with the RHU security staff for the date and time

To DC-14 CAR only ☐   To DC-14 CAR and DC-15 IRS ☐

Staff Member Name: Sharon Selbi RN / Sharon Selbi RN   Date: 3/22/2017

Revised July 2000

Exhibit (C)   C

2017

## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | William Turner | Inmate Number: | AM5992 |
|---|---|---|---|
| SCI Filed at: | Frackville | Current SCI: | Frackville |
| Grievance # (if available): | 682607, 693400, 692554 | | |

| | | |
|---|---|---|
| | | a) You have already received final disposition/review on this issue through this Office. |
| | | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | | c) You have already filed a grievance to seek review and resolution of this matter. |
| | | d) You are encouraged to work through institutional channels to resolve your complaint initially. If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | | e) You failed to provide the official grievance number for identification purposes. |
| | | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review. Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | | g) You have not yet appealed this issue to the Facility Manager. Final review will not be granted until you do so. Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review. Be sure that your appeal to this office includes **all** the necessary documents as outlined in DC ADM 804. If all documents are not received with your appeal, it may be dismissed. This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| | X | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

**Comments/Action Taken:**
I am in receipt of your letter to this office dated 11/28/17 regarding the status of the above referenced grievances. You feel that your life is in danger due to grievances not being answered such as the ones listed above. You feel that these acts are denying you treatment and no compensation for materials lost at no fault of your own.

Upon review this office found that in regards to grievance number 682607, a remanded response was completed on 12/7/17. You should be in receipt of that response by this time and if so, you may appeal to this office again if not satisfied. If not, you may request a copy of the response from Ms. Newberry.

In regards to grievance number 693400, records reflect that a remanded response has not yet been completed for this grievance. This office has been in contact with staff at SCI Frackville in regards to a response needing to be completed for this grievance. Staff at Frackville are aware that a response needs to be completed and this office will continue to monitor the response status.

In regards to grievance number 692554, records reflect that this office received a response back from the Bureau of Health Care Services on 12/4/17 and a final review response was completed on 12/5/17. You should be in receipt of our response by this time as well.

Your concerns of delayed responses is noted; however, you provide no information/evidence to suggest that you are being denied any type of treatment at this time.

| Signature: | Keri Moore | Title: | Assistant Chief Grievance Officer |
|---|---|---|---|
| Date: | 12/20/17 | | |

KLM

cc: DC-15/Superintendent Brittain
Grievance Office


Exhibit (D)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,
    PLAINTIFF.

    V.

JOHN E. WETZEL, ET AL.,
    DEFENDANTS.

AFFIDAVIT

CIV. ACTION NO. 4:18cv00361

PLAINTIFF'S AFFIDAVIT OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS.

William D, Turner, declares under penalty of perjury:

1.    I am the plaintiff in the above-entitled case. I make this declaration in opposition to Defendant's Motion to Dismiss, as to their denial of treatment for Hep-C as well as arthritis concerning due process.

2.    Defendants claim in their motion,,that there were no material involvement or facts in dispute relating to " Due Process." In reality there are many facts in question.

3.    Such as _Mason_ age _67_., who is at SCI Frackville, 1111 Altamount Blvd, Frackville, Pa. 17932.; that receives treatment for Hep-C., addressing the Due process question, his (s) _Major Tilley AM9786_.

4.    This affidavit demonstrates material information addressing the Equal Protection Clause.

(1) Exhibit (E).

5. And reading the case Abu-Jamal v. Wetzel, Civil-Action No. 16-2000. 2017 U.S. Dist LEXIS 368, 2017 WL 34700., (M.D.PA. Jan 3, 2017), where Doctor Noel.; for CorrectCare Solution; testified protocol does not preclude treatment, for Hep-C. also Hep-C., can cause a skin condition which Turner.; has stated in his complaint.

6. The question now is why Turner,;' could not have the same treatment?

7. These factual disputes cannot be resolved with out a trial.

Wherefore, the Defendants' motion to dismiss, should be denied.

(S) *William D. Turner*
William D. Turner
AM 5992
SCI Frackville,
1111 Altamount Blvd
Frackville, Pa. 17932

I declare under the penalty of perjury that the fore going is true and correct.

Signed this __20__ day of __April__, 2018.

*William D. Turner*
William D. Turner

(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM D. TURNER, PLAINTIFF. | : | |
| | : | |
| VS. | : | AFFIDAVIT |
| | : | |
| JOHN E. WETZEL, ET AL., DEFENDANTS. | : | CIV. ACTION NO. 4:18cv00361 |
| | : | |

### PLAINTIFF'S AFFIDAVIT OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

William D. Turner, declares under penalty of perjury:

1. I Iam the plaintiff in the above-entitled case. I make this declaration in opposition to Defendants' Motion to Dismiss, as to their denial of treatment for Hep-C as well as arthritis concerning due process.

2. Defendants claim in their motion, that there were no material involvement or facts in dispute relating to " Due Process." In reality there are many facts in question.

3. Such as Barry Jones _____ age ____., who is at SCI Frackville, 1111 Altamount Blvd, Frackville, PA 17932.; that receives treatment for Hep-C., addressing the Due Process question, his (s_____.

4. This affidavit demonstrates material information addressing the Equal Protection Clause. HF-5900

(1)

5. And reading the case Abu-Jamal v. Wetzel, Civil-Action No. 16-2000. 2017 U.S. Dist LEXIS 368, 2017 WL 34700., (M.D.PA. Jan 3, 2017), where Doctor Noel.; for CorrectCare Solution; testified protocol does not preclude treatment, for Hep-C. also Hep-C., can cause a skin condition which Turner.; has stated in his complaint.

6. The question now is why Turner,;' could not have the same treatment?

7. These factual disputes cannot be resolved with out a trial.

Wherefore, the Defendants' motion to dismiss, should be denied.

(S) *William D. Turner* (signature)
William D. Turner
AM 5992
SCI Frackville,
1111 Altamount Blvd
Frackville, Pa. 17932


I declare under the penalty of perjury that the fore going is true and correct.

Signed this _20_ day of _April_, 2018.

*William D. Turner* (signature)
William D. Turner

(2)

## VERIFICATION

On this __20__ day of __April__, 2018, I declare

that I have read the above matter, subscribed by me and know.;

the contents thereof and that under penalties of law provided

by Title 18 Pa.C.S.A.§ 4904, un-sworn falsification to all any

authorities that the matter and statement therein set forth[ ]

are true to the best of my knowledge and belief here and later.


                                        Respectfully submitted

                                        *William D. Turner* (signature)
                                        William D. Turner
                                        pro-se

CERTIFICATE OF SERVICE

I, William D. Turner, pro-se hereby certify that on this date a true and correct copy of the foregoing papers Memorandum with Exhibits; was sent to all counsel of this Civil action via First class mail satisfying requirements of service:

Meghan K. Adkins
Office of Attorney General
Commonwealth of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

one copy of Memorandum of Law with Exhibts.

The same to:

Daniel J. Gallagher.

(S( *William D. Turner*

Date. 4/20/18

William D. Monroe
QM5792
1111 Altamont Blvd
Frackville, PA 17932

To: Office of The Clerk
United States District Court
Middle District of Pennsylvania
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501-1148

RECEIVED
SCRANTON
APR 2018

INMATE MAIL
PA DEPT OF
CORRECTIONS