IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,

    Plaintiff,

vs.

JOHN E. WETZEL, SECRETARY OF CORRECTIONS; CORRECTION CARE SOLUTION, CARL KELDIE, JOSEP SILVA (DEPARTMENT OF CORRECTIONS HEALTH CARE SERVICE DIRECTOR), DR. PAUL NOAL, DR. JAY COWAN, THE DOC'S HEPATITIS C COMMITTEE, SCI FRACKVILLE'S MA KUREN, VISOR MS. KURAS, CHDA MS. HOLLY and SHARON SELBI; RN any and all individuals or entities responsible for my HEALTH CARE and/or DOC MEDICAL POLICIES,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 4:18-cv-00361

## MOTION TO STAY DISCOVERY

AND NOW comes Defendants, Correct Care Solutions, LLC (improperly identified as Correction Care Solutions), Dr. Carl Keldie and Dr. Jay Cowan ("Moving Defendants"), and in support of their Motion to Stay Discovery, respectfully aver the following:

1. Plaintiff, William Turner, initiated this 42 U.S.C. § 1983 action on January 19, 2018 by filing a Complaint against a number of Defendants in the Court of Common Pleas of Schuylkill County, Pennsylvania. Plaintiff asserts

claims sound in 42 U.S.C. §1983 for the purported deliberate indifference to a serious medical, alleged violations of his rights under the Fourteenth Amendment and a professional negligence claim.

2. This matter was subsequently removed to the instant Court on February 13, 2018 by Moving Defendants.

3. Thereafter, on April 10, 2018, Moving Defendants filed a Motion to Dismiss and Brief in Support, which remains pending. See ECF Nos. 10 and 11.

4. On April 12, 2018, Mr. Turner sought the Court's intervention to compel Defendants to respond to interrogatories and/or requests for production of documents. (ECF Nos. 12 and 13).

5. The undersigned counsel had never received any discovery requests from Mr. Turner.

6. Any discovery at this juncture is premature inasmuch as Moving Defendants have sought dismissal of Plaintiff's Complaint based upon Mr. Turner's failure to state a claim for alleged violations of the Eighth and Fourteenth Amendments and failure to file valid certificates of merit.

7. The Third Circuit has routinely held that the purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." Mann v. Brenner, 375 Fed. Appx. 232, 239 (3d Cir. 2010).

8. Moving Defendants' Motion to Dismiss, if granted, would dispose of the entire case against Moving Defendants.

9. As suggested by the 9th Circuit in <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987), the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense."

10. Moving Defendants aver that no prejudice would befall the Plaintiff by staying discovery until the Court rules upon Moving Defendants' Motion to Dismiss.

11. Daniel Gallagher, Esquire, counsel for the Commonwealth Defendants,[1] has no objection to the instant Motion.

12. Per Local Rule 7.5, Moving Defendants do not intend to file a Brief in support of the instant Motion, but will do so should the Court deem one desirable.

<p style="text-align:center">WEBER GALLAGHER SIMPSON STAPLETON<br>FIRES & NEWBY LLP</p>

BY:   /s/ Meghan K. Adkins
      Meghan K. Adkins, Esquire
      madkins@wglaw.com
      PA ID No. 320908

     /s/ Samuel H. Foreman

---

[1] The Commonwealth Defendants are John E. Wetzel, Joseph Silva, Dr. Paul Noel, Mary Alice Kuras, Karen Holly, and Sharon Selbi.

Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA ID No. 77096

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
Four PPG Place
5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

Dated: April 30, 2018


## CERTIFICATE OF SERVICE

I, Meghan K. Adkins, Esquire, hereby certify that on this date a true and correct copy of the foregoing **Motion to Stay Discovery** was sent to all counsel of record *via* CM/ECF and by first class United States mail, postage prepaid, to the following:

>Wlliam D. Turner, AM5992
>SCI-Frackville
>1111 Altamount Blvd
>Frackville, PA  17932

/s/ Meghan K. Adkins
Meghan K. Adkins, Esquire

Dated: April 30, 2018