UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. WETZEL, Secretary of Corrections, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 4:18-cv-00361<br><br>(BRANN, J.)<br>(SAPORITO, M.J.) |

## **REPORT AND RECOMMENDATION**

This is a prisoner civil rights action. The *pro se* plaintiff, William D. Turner, is a state prisoner incarcerated at SCI Frackville, which is located in Schuylkill County, Pennsylvania. In his *pro se* complaint, he alleges that the various defendants have deprived him of his constitutional rights under the Eighth and Fourteenth Amendments by their deliberate indifference to his serious medical needs. The plaintiff suffers from Hepatitis C, and he alleges that the defendants have refused to provide him with a particular course of medical treatment for this disease.

This action was commenced upon filing of the plaintiff's original *pro se* complaint in the Court of Common Pleas for Schuylkill County,

Pennsylvania, on January 19, 2018. (Doc. 1-1). The action was timely removed from state court to federal court by a set of jointly represented defendants—Dr. Carl Keldie, Dr. Jay Cowan, and Correct Care Solutions, LLC (together, the "Medical Defendants")—on February 13, 2018. (Doc. 1).

The Medical Defendants have moved for dismissal of the claims against them for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). This motion is fully briefed and ripe for disposition. (Doc. 11; Doc. 15).

## I. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56

(2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. Sept. 25, 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

**II.   DISCUSSION**

   **A. Federal Civil Rights Claims**

The plaintiff's *pro se* complaint has asserted federal civil rights claims brought under 42 U.S.C. § 1983. Section 1983 provides in

pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

In his *pro se* complaint, the plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment to the United States

Constitution. In particular, he alleges that he suffers from Hepatitis C, but the defendants have refused to provide him with particular course of treatment—an antiviral medication named Harvoni—that is allegedly 99 percent effective at curing the disease. He alleges that this denial was based on the cost of treatment, rather than for medical reasons. He further appears to claim that this denial is a violation of his due process rights under the Fourteenth Amendment. In addition to the Medical Defendants, Turner has named several corrections officials as party-defendants. Turner seeks declaratory, relief, injunctive relief, and compensatory and punitive damages against the defendants.

### 1. *Dr. Keldie and Dr. Cowan*

The defendants have moved to dismiss the complaint as against Dr. Keldie and Dr. Cowan for failure to allege personal involvement.

It is well established that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). "A defendant in a civil rights action must have personal involvement in the alleged wrongs

to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Typically, personal involvement may be established through: (1) personal direction or actual participation by the defendant in the misconduct; or (2) knowledge of and acquiescence in the misconduct. *Id.* The plaintiff does not allege that Dr. Keldie or Dr. Cowan personally directed or actually participated in his medical treatment, nor does he allege that Dr. Keldie or Dr. Cowan knew of and acquiesced in the treatment decisions by Turner's treating medical providers.

Alternatively, § 1983 liability may result if a supervising defendant caused a subordinate to violate another's constitutional rights through the execution of an official policy or settled informal custom. *See Sample v. Diecks*, 885 F.2d 1099, 1117–18 (3d Cir. 1989).

> [T]o hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol*, 256 F.3d at 134 (citing *Sample*, 885 F.2d at 1118).

With respect to supervisory liability for Dr. Keldie and Dr. Cowan, the complaint has failed to identify any policy or practice at all. Moreover, the complaint has failed to allege that these defendants were aware of any unreasonable risk, that they were indifferent to that risk, or that any injury actually resulted from the unspecified policy or practice.

Indeed, other than naming Dr. Keldie and Dr. Cowan as party-defendants, the complaint fails to allege any facts whatsoever about these two defendants or their conduct.

Accordingly, it is recommended that the plaintiff's § 1983 claims against Dr. Keldie and Dr. Cowan, alleging deliberate indifference in violation of the plaintiff's Eighth and Fourteenth Amendment rights, be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *2. Correct Care Solutions, LLC*

The defendants have moved to dismiss the complaint as against Correct Care Solutions, LLC ("Correct Care") for failure to allege sufficient facts to establish its vicarious liability under § 1983.

"[A]lthough a private corporation offering medical services cannot

be held liable for an alleged § 1983 violation under a theory of *respondeat superior*, it can be held liable for a policy or custom that demonstrates deliberate indifference." *Francis v. Carroll*, 659 F. Supp. 2d 619, 625–26 (D. Del. 2009) (internal quotation marks omitted). *See generally Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658 (1978) (subjecting municipalities to liability for policies or customs that cause constitutional deprivations); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (applying *Monell* to a private company providing medical services to inmates). Thus, to prevail on his § 1983 claims against Correct Care, the plaintiff must establish that there was a relevant Correct Care policy or custom, and that this policy or custom caused the constitutional violation for which he seeks relief. *See Natale*, 318 F.3d at 583–84. But the complaint fails to allege any such corporate policy or custom with respect to Correct Care. Indeed, other than alleging that Correct Care employed Dr. Keldie and another defendant,[1] the facts alleged in support of Turner's § 1983 claims contain no reference whatsoever to any policies

---

[1] The complaint alleges that Dr. Cowan was an employee of the Pennsylvania Department of Corrections, but the joint representation of the three Medical Defendants suggests that he was actually employed by Correct Care.

or conduct by Correct Care, a corporate entity.

Accordingly, it is recommended that the plaintiff's § 1983 claims against Correct Care, alleging vicarious liability for its employees' deliberate indifference in violation of the plaintiff's Eighth and Fourteenth Amendment rights, be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *3. Leave to Amend*

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Turner be granted leave to file an amended complaint within a specified time period following partial dismissal of the original complaint.

### **B. State-Law Claims**

In addition to his federal civil rights claims, the complaint may be liberally construed to assert a state-law claim for professional negligence

against the Medical Defendants as well. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). The Medical Defendants have moved to dismiss these medical malpractice claims on the ground that the plaintiff has failed to file an adequate certificate of merit as required under Pennsylvania state law.

Pennsylvania law requires a plaintiff alleging medical malpractice, or any other form of professional negligence, to file a certificate of merit, which must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards,[2] or that expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011). Ignorance of the rule does not excuse failure to

---

[2] If the plaintiff is *pro se*, a copy of the licensed professional's written statement must be attached to the certificate of merit. Pa. R. Civ. P. 1042.3(e).

comply, even for a *pro se* plaintiff. *See Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004).

Under Rule 1042.3, a plaintiff asserting a professional negligence claim must file a certificate of merit within sixty days after the filing of a complaint. Pa. R. Civ. P. 1042.3(a). This sixty-day time period may be extended by the court for successive periods of up to sixty days each, with no limit on the number of sixty-day extensions that the court might grant. Pa. R. Civ. P. 1042.3(d) & note. Such a motion to extend is timely if it is filed within thirty days after the defendant files a notice of intention to enter judgment non pros or before the expiration of any extension of time previously granted by the court, whichever is later. Pa. R. Civ. P. 1042.3(d).

Under Rules 1042.6 and 1042.7, a defendant to a professional negligence claim may seek to have the complaint dismissed if the plaintiff has failed to file the requisite certificate of merit. In Pennsylvania state court, this is a two-step procedure. First, the defendant may file a written notice of intention to enter judgment non pros, but no sooner than the thirty-first day after the filing of the complaint. Pa. R. Civ. P. 1042.6(a). Then, no less than thirty days after filing the notice of intention, the

defendant may file a praecipe for entry of judgment non pros. Pa. R. Civ. P. 1042.7(a). In the interim, the plaintiff may file a motion to extend the time to file a certificate of merit or a motion for a determination that a certificate of merit is not necessary. Pa. R. Civ. P. 1042.3(d); Pa. R. Civ. P. 1042.6(c).[3] If no certificate of merit has been filed at the time of the defendant's praecipe, and there is no pending timely motion to extend or a motion for a determination that a certificate of merit is unnecessary, the prothonotary must enter judgment non pros against the plaintiff. Pa. R. Civ. P. 1042.7(a).

In the federal system, applying Pennsylvania law, the procedure is necessarily different as "there is no procedural mechanism for a defendant to ask the clerk to dismiss a claim. Rather, failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss." *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); *see also Keel-*

---

[3] Rule 1042.6(c) permits a plaintiff to file a motion for a determination that a certificate of merit is not necessary at any time prior to entry of judgment non pros. Pa. R. Civ. P. 1042.6(c) & note. If the court determines that a certificate of merit is required, the plaintiff is required to file a certificate of merit within twenty days of the court order. Pa. R. Civ. P. 1042.6(c).

*Johnson v. Amsbaugh*, No. 1:07-CV-200, 2009 WL 648970, at *3 & n.2 (M.D. Pa. Mar. 10, 2009). Ordinarily, dismissal for failure to file a certificate of merit is without prejudice. *See Donelly v. O'Malley & Langan, PC*, 370 Fed. App'x 347, 350 (3d Cir. 2010) (per curiam); *Booker v. United States*, 366 Fed. App'x 425, 427 (3d Cir. 2010). *But see Slewion v. Weinstein*, No. 12-3266, 2013 WL 979432, at *1 (3d Cir. Mar. 14, 2013) (per curiam) (dismissal with prejudice appropriate where statute of limitations has run and amendment would be futile).

In this case, the Medical Defendants have moved to dismiss on the ground that Turner failed to file an adequate certificate of merit with respect to each of the Medical Defendants. On January 23, 2018, Turner filed a certificate of merit with the state court, which stated:

> I, William D. Turner, filed this certificate of merit concerning the complaint on what was diagnose (*sic*), where the Defendants deviated from an acceptable professional standard by disregarding care and the law on such.[*]

(Doc. 1-2, at 3). This statement was footnoted where marked with an asterisk above, stating in the margin: "warranting no other opinion." (*Id.* at 3 n.1). The Medical Defendants contend that this "certificate of merit" was inadequate under the substantive law of Pennsylvania because it

proffered only the plaintiff's own *lay* opinion regarding an alleged deviation from acceptable professional standards, rather than expert opinion from an acceptable licensed medical professional. Nor did it include a copy of a written statement by an appropriate licensed professional attesting that there exists a reasonable probability that the care provided fell outside acceptable professional standards, as required by state law where a plaintiff is *pro se*. *See* Pa. R. Civ. P. 1042.3(e).

A *pro se* plaintiff's failure to meet the technical requirements of Rule 1042.3 may be excused by the court where the plaintiff has made a substantial effort to comply with the rule or provided a reasonable excuse for failing to do so. *See Booker*, 366 Fed. App'x at 427–29; *Ramos v. Quien*, 631 F. Supp. 2d 601, 611–12 (E.D. Pa. 2008). But "[t]he purpose of the required certificate of merit is to 'assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings.'" *Green v. Fisher*, No. 1:CV-12-00982, 2014 WL 65763, at *12 (M.D. Pa. Jan. 8, 2014) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000)).

Here, in proffering only his own personal, lay opinion, the plaintiff has clearly failed to substantially comply with the requirements of Rule

1042.3(a)(1). The plaintiff's failure to attach a written statement from a licensed medical professional to his certificate of merit further underscores the utter lack of expert support for his malpractice claim against the Medical Defendants. He has proffered no excuse whatsoever for his failure to secure the required statement from a licensed medical professional.

As previously noted, however, the Court has an obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants. *See generally Mala*, 704 F.3d at 244–46. Here, the plaintiff's certificate of merit clearly states his contention that no other opinion is warranted (Doc. 1-2, at 3 n.1), which we liberally construe as a certification that "the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons," *Hightower-Warren v. Silk*, 698 A.3d 52, 54 n.1 (Pa. 1997), and therefore "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim," Pa. R. Civ. P. 1042.3(a)(3).

The Medical Defendants argue that Turner's medical malpractice claims necessarily require expert testimony to establish liability, and

thus we should reject his attempt to rely on Rule 1042.3(a)(3) and dismiss his malpractice claims for failure to satisfy the requirements of Rule 1042.3(a)(1). But whether the plaintiff's claims require expert testimony to establish malpractice is a matter for another day. A district court is not free to reject the plaintiff's reliance on Rule 1042.3(a)(3) and dismiss the complaint for failure to file a certificate of merit under Rule 1042.3(a)(1). *Liggon-Redding*, 659 F.3d at 265 & n.5; *see also Scales v. Witherite*, NO. 3:10-CV-0333, 2011 WL 5239142, at *2 (M.D. Pa.l Nov. 1, 2011) ("[A] filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement."). In such a case, the plaintiff will be barred from offering expert testimony later in the litigation, absent exceptional circumstances, and the consequence of the plaintiff's decision to forego a Rule 1042.3(a)(1) certification should be dealt with on summary judgment or at trial. *Liggon-Redding*, 659 F.3d at 265. *See generally Redding v. Estate of Sugarman,* 535 Fed. App'x 99 (3d Cir. 2013) (affirming summary judgment against plaintiff who failed to proffer expert testimony to establish relevant professional standards and breach thereof).

The only ground upon which the Medical Defendants have moved to dismiss the plaintiff's state-law claims is his failure to file an adequate certificate of merit. Under the facts of this case, this *pro se* prisoner-plaintiff's written and signed certificate of merit, timely filed with the state court prior to removal, substantially satisfies the requirements of Rule 1042.3(a)(3). Whether the plaintiff's reliance on a Rule 1042.3(a)(3) certificate of merit is appropriate on the facts alleged is not before the Court at this time.

Accordingly, it is recommended that the Medical Defendants' motion to dismiss be denied with respect to the plaintiff's state-law professional negligence claims.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. The Medical Defendants' motion to dismiss (Doc. 10) be **GRANTED in part and DENIED in part**;

2. The plaintiff's federal civil rights claims, brought under 42 U.S.C. § 1983, against defendants Dr. Carl Keldie, Dr. Jay Cowan, and Correct Care Solutions, LLC, be **DISMISSED**;

3. The plaintiff's state-law professional negligence claims

against Dr. Carl Keldie, Dr. Jay Cowan, and Correct Care Solutions, LLC, be permitted to proceed to discovery; and

    4.    The plaintiff be granted leave to file an amended complaint addressing any pleading deficiencies with respect to the dismissed claims within a specified time period after partial dismissal.

Dated: December 28, 2018        ***s/ Joseph F. Saporito, Jr.***
                                              JOSEPH F. SAPORITO, JR.
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. TURNER,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN E. WETZEL, Secretary of Corrections, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 4:18-cv-00361<br><br>(BRANN, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 28, 2018. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: December 28, 2018           ***s/ Joseph F. Saporito, Jr.***
                                                        JOSEPH F. SAPORITO, JR.
                                                        United States Magistrate Judge