# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,

          Plaintiff,

          v.

JOHN E. WETZEL, Secretary of
Corrections, et al.,

          Defendants.

CIVIL ACTION NO. 4:18-cv-00361

(BRANN, J.)
(SAPORITO, M.J.)

## ORDER

This matter is before the Court upon a motion by the *pro se* plaintiff styled "59(e) Motion" with respect to our order of December 21, 2019, in which we denied a motion to amend the complaint. (Doc. 32; *see also* Doc. 28). The plaintiff's motion expressly references Rule 59(e) of the Federal Rules of Civil Procedure, but no judgment has been entered. Therefore, we will construe the plaintiff's motion as one for reconsideration based upon the inherent power of the Court to correct, within a reasonable time, a manifest error in its own interlocutory order. *See United States v. Jerry*, 487 F.2d 600, 604–05 (3d Cir. 1973); *see also Jusino v. Zayas*, 875 F.2d 986, 989 n.3 (1st Cir. 1989) (citing *Jerry*). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a

court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

In his motion papers, the plaintiff has identified no intervening change in the controlling law. Although he has articulated additional facts concerning Dr. Pandya's role in his motion papers, there is nothing to suggest the availability of new evidence that was not available

previously. Finally, notwithstanding any additional facts the *plaintiff* may have known about Dr. Pandya at the time of our prior order, he did not include them in his proposed amended complaint. Our order denying his motion for leave to amend was based upon the facts as actually alleged in that proposed amended complaint, and, based on the scant allegations therein concerning Dr. Pandya, we find no clear error of fact or law in our decision to deny leave to amend.

We note that the prior motion for leave to amend was denied *without prejudice*. The plaintiff is free to file a subsequent motion for leave to amend his complaint for the Court's consideration, subject to the requirements of Local Rule 15.1.[1]

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (Doc. 32) is **DENIED**.

Dated: January __7__, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[1] In relevant part, Local Rule 15.1(a) provides that: "When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion."