UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,
    PLAINTIFF.    :

                        :   BRIEF IN SUPPORT OF
    VS.                :   MOTION FOR INJUNCTION.

                        :   NO.4:18-CV-00361
JOHN E. WETZEL, ET AL.,
    DEFENDANTS.    :

FILED SCRANTON FEB 11 2019 PER DEPUTY CLERK

BRIEF IN SUPPORT OF
MOTION FOR INJUNCTION.

TO. THE HONORABLE JUDGES OF THIS SAID COURT IN THE CAPTION.
THE HONORABLE JUDGES.(BRANN, J.)(SAPORITO, M.J.):

Now cometh William D. Turner., Plaintiff; for this motion stated above and Plaintiff Turner, presents:

### Statement of the Case

This motion seeks an injunction to have Plaintiff's Hep-C., treated by the Defendants,;sstatediintth[eJt.MoMotion ofor Injunction's caption; because Turner, now has cirrhosis level 4."

### Statement of Facts

As set forth in detail in the Affidavit Willliam Turner, attached, Defendants in Motion for Injunction's caption denied treatment for Hepatitis C., just because of cost. Who now has cirrhosis level 4., even though these Defendants., stated they did blood work every six months.

(1)

Argument

I. PLAINTIFF IS ENTITLED TO AN INJUNCTION ORDER TO DIRECT THE DEFENDANTS TO TREAT HIS HEPATITIS-C.

A litigant may be granted an injunction by the Federal Court, upon a showing that the Plaintiff.; is in "danger of immediate and irreparable injury," that the adverse party.; will not be substantially harmed if an injunction is granted that the injunction is consistent with the public interest.; and that the Plaintiff, has a strong likelihood of success., in the lawsuit see. Abu-Jamal v. Wetzel, No. 3:16-CV-2000.; 2017 WL 34700, at *20(M.D.Pa. Jan. 3, 2017).

Plaintiff Turner is entitled to an injunction under this standards.

A. Irreparable Injury.

The loss of these Constitutional rights, even for a short periods of time, care and custody; constitutes an irreparable injury as here Plaintiff Turner now has cirrhosis level 4 see. B.E. v. Teeter, No. C16-227-JCC, 2016 U.S. Dist. LEXIS 70021.; 2016 WL 3033500. at *5(W.D. Wash May 27, 2016) and Abu-Jamal v. Kerestes, WL 4574646, at *13-14(M.D. Pa. Aug. 31 2016).

B. Absence of Harm to the Adverse Party.

The Defendants have no legitimate interest in keeping the Plaintiff, from treatment or delaying in such.

C. Public Interest.

(2)

The public interest is best served when all persons., including prisoners, enjoy unimpaired medical care.; see. Abu-Jamal v. Wetzel, No. 3:16-CV-2000, 2017 U.S. Dist. LEXIS 368, 2017 WL 34700 at *20(M.D.Pa. Jan. 3, 2017).

D. ~~Likelihood of Ultimate~~ Success on the Merits.

Plaintiff's likelihood of winning a final judgment on the issue of no treatment for Hepatitis C or Arthritis, see. Estelle v. Gamble, 429 U.S. 97(1976) and Merritt vs. Fogel., 349 Fed, Appx. 742, 745(3d Cir 2009),(Hep-C virus is serious).

Rule 65 FRCP, requires an application for an injunction once an effort was made to the Defendants, see. Affidavit.

WHEREFORE, this Court; should grant an injunction, by/because of the present harm and the ultimate harm., with out immediate treatment for hepatitis-C.

Respectfully submitted

William D. Turner /
William D. Turner
AM 5992
1111 Altamount Blvd
Frackville, Pa 17932.

Date. 2.6.2019.

(3)