UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM D. TURNER,
      PLAINTIFF.
                                     :

                                       :

        V.
                                       :      CIVIL ACTION

                                       :

JOHN E. WETZEL, SECRETARY OF
CORRECTIONS; CORRECT CARE           :      DEMAND FOR JURY
SOLUTION, CARL KEDIE, JOSEP                TRIAL.
SILVA(DEPARTMENT OF CORRECTIONS
HEALTH CARE SERVICE DIRECTOR),    :
DR. PAUL NOAL, DR. JAY COWAN,
THE DOC'S HEPATITIS C
COMMITTEE, SCI FRACKVILLE'S      :      NO. 4:18-CV-00361
MA KUREN, VISOR MS KURAS, CHDA
MS. KAREN HOLLY and SHARON SELBY; :
RN any and all individuals or
entities responsible for my HEALTH  :
CARE and/or DOC MEDICAL POLICIES,
JANE AND JOHN DOE, who now know as :
under JOHN DOE, DR. HARESH PANDYA,
and PRACTITIONER TONY IANUZZY; from :
SCI FRACKVILLE.
               DEFENDANTS.         :

FILED
SCRANTON
FEB 1 9 2019
Per_____
      DEPUTY CLERK


<u>AMENDED COMPLAINT</u>


TO THE HONORABLE JUDGES OF THIS SAID COURT IN THE CAPTION.
    THE HONORABLE JUDGES:


    Now cometh <u>William D. Turner  </u>., the Plaintiff.; stated in

the caption and presents:


<u>JURISDICTION.</u>


    1.     This is a civil action, that was authorized under/

by the State Pennsylvania Rules of Civil Procedure. Rule 1001


(1)

and other civil rules. This action was removed from state court, to Federal Court, which gives this Court; jurisdiction.;' to hear this case that seeks declaratory relief, injunction, and compensation relief.

## II. PLAINTIFF.

2.     Plaintiff William D. Turner., is presently house at SCI Frackville, 1111 Altamount Blvd, Frackville PA 17932.; who at all times mention herein a prisoner of the Pennsylvania State Department of Corrections.

## III. DEFENDANTS.

3.     Defendant John E. Wetzel., Secretary of Corrections is being sued once becoming aware of Turner.;' serious medical needs when grievances are filed such as on August 16, 2017[.,] which denied Plaintiff Turner., treatment for Hepatitis C, and Arthritis., that was diagnose., by medical, yet denied.; [all] because of cost. Where a Memorandum of Law to Complaint., was filed on April 20, 2018 with exhibits, see. Exhibit(A)., who.; can be contacted at 1920 Technology Parkway, Mechanicsburg., PA 17050. Being sued in his individual as well as official, acts/ capacities, concerning policies and now these new matters that occurred on January 9, 2019; Turner., has cirrhosis level four although he was seen every six months; going through grievance process. Exhibit(B).

4.     Defendant Carl Keldie, relating to Correct Care Solution; who makes decisions on protocol for treatment., is

being sued for disregarding what was diagnose, and its cause as well as its effect without treatment, all because of cost. That can be contact at 1920 Technology Parkway, Mechanicsburg PA. 17050; being sued in his individual and official., acts/ capacities.

5.    Defendant Josep Silva, also CCS., Correct Care Solution, that makes those protocol decisions for treatment., is being sued once disregarding what was diagnose all because of cost. Who can be contacted at 1920 Technology Parkway, [; ] Mechanicsburg PA 17050; sued in his individual and official.,' capacities.

6.    Defendant Dr. Paul Noal concerning Department of Correction Health Care Service Director; is being sued by not addressing, what was stated in the grievance; on ongoing health problems without treatment where Plaintiff Turner, is presently suffering from a rash that burns with other issue/ problems. Who can be contacted at 1920 Technology Parkway., Mechanicsburg PA. 17050, sued in his individual and official capacities on pain and suffering.

7.    Defendant Dr. Jay Cowan another DOC HCSD., is being sued for not addressing what was filed in the grievance also relying on cost to deny treatment disregarding the pain and suffering that can be located at 1920 Technology Parkway, Mechanicsburg PA. 17050. Being sued in their individual, and official capacities again concerning pain and suffering.

8.    Defendant Dr MA Kuren Department of Corrections Hepatitis C, Committee; SCI Frackville., is being sued because of knowing what Plaintiff Turner was going through yet allowed

cost to deny treatment as well as disregarding other medical.; needs, now these new matters. Exhibit(B), on taking blood work every six months but Turner, has cirrhosis and a level four.;' going through the grievance process. Who is located [at] SCI Frackville, 1111 Altamount Blvd, Frackville, PA 17392.; being sued in their individual and official capacities.; on pain and suffering.

9.    Defendant Visor Ms. Kuras DOC HCC, of Frackville, is being sued that set in on these decisions who had knowledge relating to Plaintiff's medical needs yet let cost to denied the treatment as well as what happen in Exhibit(B). Also, located SCI Frackville, 1111 Altamount Blvd Frackville PA. 17932 being sued in her individual and official capacities on pain as well as suffering.

10.    Defendant CHDA Ms. Karen Holly, DO HCC., of SCI Frackville, is being sued that set in on these decisions, when it comes to cost and denying treatment see. Exhibit(B)., her reply from 2016to2018. Exhibit(C), on Laboratory studies. Located at SCI Frackville, 1111 Altamount Blvd, Frackville, PA. 17050.,'' being sued individual and official capacities, on pain as well as suffering.

11.    Defendant Rn Sharon Selbi, of SCI Frackville is being sued that also set in on these issue which was diagnose, concerning Hep-C and arthritis. Addressed also in Memorandum., as others stated above and now Exhibit(B). Who is located at SCI Frackville, 1111 Altamount Blvd, Frackville, PA. 17050.;' being sued in their individual and official capacities on pain and suffering.

(4)

12.     Jane and John Doe, who is now know as under ⸺
John Doe.

13.     John Doe Dr. Haresh Pandya., ordered blood work
before again on March 23, 2016 that was also positive....  who
elected to deny Turner, treatment once more on October/2018.;'
citing protocol by this Turner; moves to amend Mr. Pandya see.
Exhibit(D), Garcia Laboratory's findings. But also by Exhibit
(B), Dr. Pandya, is being sued individual and official., acts/
capacities; located at SCI Frackville, 1111 Altamount Blvd [ ]
Frackville PA 17950.

14.     John Doe Practitioner Tony Ianuzzy., is amended
by his position Turner, has Hepatitis C, and is to old for any
treatment July 8, 2015; see. Exhibit(E) and Exhibit(F)., final
appeal February 11, 2016; not to mention with all of thes[e]'
blood test from 2015to2017 every six months how could any of
medical Staff, say they did not know. Which warrants Ianuzzy.;
at SCI Frackville, to be sued individual and in his official.;
capacities located at 1111 Altamount Blvd, Frackville PA. 1705
0.

15.     All Defendants have acted under th[e] color of
State and Federal Laws during the times relevant to this act/
complaint.

IV. FACTS

16.     Plaintiff Turner filed a grievance., on August
16, 2017; relating to a continual refusal by the Department of
Corrections, to treat Plaintiff's Hepatitis C.

(5)

17.     This is causing Plaintiff Turner ongoing health problems such as: cirrhosis, concentration, memory issue also, chronic fatigue, skin rash with other concerns.

18.     Where no Defendant., stated in their Final decision; of December 5, 2017; there was tests taken to address [t]hose medical concerns elaborated above. Only concluded by the Bureau of Health Care Services; that medical care provided, was reasonable and appropriate.

19.     Disregarding Plaintiff, present state relating to a rash which is one of the symptom told to Turner.;' [by] another inmate with Hep-C. Where washing up cause the skin, to burn, and while perspiring he also suffer, not to mention, no meds., for that or arthritis.

20.     And with no medical justification on why Turner could not receive treatment for Hep-C; when Harvoni, has a 99 percentage cure rate.

21.     Where Hepatitis C, infection cause cirrhosis.;' and irreversible scarring of the liver, proving each day without treatment increases, the likelihood of cirrhosis as well as death see. Exhibit(B).

22.     These wanton negligence, reckless and negligence acts by the Defendants from paragraph 3to15, who denied Turner treatment just because of cost relating to Hepatitis C, and arthritis; has place Plaintiff.; in harms way when it comes to the Eighth Amendment on what is diagnose.

V. CLAIMS

(6)

FIRST CAUSE OF ACTION

23.      The actions of the Defendants stated in paragraph 3to22; concerning wanton negligence, reckless and negligence, has violated due process and equal protection of the law, also the Eighth Amendment.

> a)denied treatment for no medical reasons and
> b)just because of cost on what has been diagnose

SECOND CAUSE OF ACTIONS

24.      The wanton negligence, reckless, negligence and disregard for the Eighth Amendment by the Defendants state[d] in this complaint at paragraph 3to22., has place Plaintiff, in harms way of pain, suffering, cirrhosis and death.

> a)denied treatment contrary to the law and
> b)overlooking Turner's suffering

25.      The actions of the Defendants stated in paragraph 3 through 22 violated Federal and State Law.

VI. RELIEF

WHEREFORE, Plaintiff Turner request this Honorable Court to grant the following relief:

A.      Issue a declaratory judgment that the Defendants violated the United States Constitution and State Law when they :

> 1)denied treatment for hep-C without no medical justification, only cost
> 2)disregard what was diagnose

(7)

3)not testing for cirrhosis
4)follow the Law concerning
treatment for Hepatitis C

B.      Issue an injunction ordering that Defendants,
or their agents.

1)refrain from denying treatment
for Hep-C
2)refrain from disregarding what was
diagnose
3)refrain from not treating arthritis
4)refrain from not following the law
relating to treatment of hepatitis C

C.      Grant compensatory damages in the following
amount:

1) 10.000 or more against Defendant Wetzel
2) 10.000 or more against Defendant Silva
3) 10.000 or more against Defendant Keldie
4) 10.000 or more against Defendant Noal
5) 10.000 or more against Defendant Cowan
6) 10.000 or more against Defendant Kuren
7) 10.000 or more against Defendant Kuras
8) 10.000 or more against Defendant Holly
9) 10.000 or more against Defendant Selbi
10) 10.000 or more against Defendant John
Doe, Dr. Pandya and Practitioner Ianuzzy

D.      Grant punitive damage of 100,000 against, each
of the Defendants.

E.      Grant such other relief as it may appear Turner
is entitled.

VII CONCLUSION

Respectfully submitted

*William D. Turner*

William D. Turner
AM 5992
1111 Altamount Blvd
Frackville, PA 17932

Date. 2.14.2019

(8)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM D. TURNER,
          PLAINTIFF.

                                    :

          V.                        :          MEMORANDUM OF LAW

                                    :

                                         CASE. NO. 4:18-cv-00361

JOHN E. WETZEL, ET AL.,             :
          DEFENDANTS.


MEMORANDUM OF LAW TO COMPLAINT
UPON RECEIVING THE MOTION TO
DISMISS BY DEFENDANTS.


Plaintiff Turner filed a grievance on August 16, 2017[1].
relating to a continual refusal by Department of Corrections
(DOC); to treat Plaintiff's Hepatitis and arthritis.    Who
stated on December 5, 2017; the Bureau of Health Care service
; that medical care provided was reasonable and appropriate[2].
contrary to Abu-Jamal v. Wetzel, civil action No. 16-2000[.,]
2017 U.S. Dist. LEXIS 368, 2017 WL 34700(M.D. January 3, 2017
which was cited in the grievance, see footnote one.

Where Plaintiff William D. Turner is an inmate presently
house at SCI Frackville, and by this stated above he filed a
civil action in the State Court, on or about January 17, 2018;
which was remove by the Defendants, on February 13, 2018., who
filed an Motion to Dismiss on or about April 10, 2018.

---

1. EXHIBIT(A), the initial grievance citing Abu-Jamal, Id.
2. EXHIBIT(B), the Defendants' final reply.

(1)

**A**

Upon receiving the Motion to Dismiss, Plaintiff Turner.; moves by this memorandum.; where this Court., is require[d] to "accept all of the factual allegations, contained in the civil action Complaint as true," Erickson v. Pardus, 551 U.S. 89,94 127 S,Ct. 2197, 167 L.Ed 1081(2007); Cruz v. Beto, 405U.S. 319 (1957).. Who is bound by the Pennsylvania Federal Rules [of] Civil Procedure. Rule. 8(a) and all inference, must be in favor of the Plaintiff.

Where attorney Meghan K. Adkins, for the Defendants took the position Turner's complaint must be dismissed, because he has failed to allege any personal involvement on th[e] part of Dr. Keldie or Dr. Cowan (neither of whom work at SCI-Frackville, or have ever seen Turner as a patient) see page 2., of Motion.

Disregarding, Barkes v. Fisrt Corr. Med., Inc. 788 F.3d 307,319(3d Cir. 2014), overruled on other grounds sub nom.,' Taylor v. Barkes.___U.S.__, 135 S.Ct. 2042, 192 L.Ed.2d [78] (2015). Supervisors "may be liable for unconstitutional acts undertaken by subordinates" in two ways. id at 316. First, [] maintained a policy, practice or custom which directly caused [the] constitutional harm," Id(alteration in original)(quoting A.M. ex rel, J.M.K. V. Luzerne Cty, Juvenile Det, Ctr. 372 F.3 d 572, 586(3d Cir. 2004))." Second, 'a supervisor may be [    ] personal liable under §1983 if he or she participate in violating the plaintiff's rights, directed others to violate them or, as person in charge, had knowledge of and acquiesced.,' in th[e]] subordinate's unconstitutional conduct."

These practices and customs book place concerning Turner when CHDA Ms. Holly, at SCI Frackville, on March 20, 2017; who

(2)

respond to inmate's request to staff member; through RN., and
Turner, quote "I was told, case was over concerning Hep-C and
since we fall under med-care, my question is why I have not'
been prep for treatment," RN Ms. Sharon Selbi., for Ms. Holly
replied "you will be schedule for a medical conference which
will be arranged with the RHU security for the date and time;
which never took place see. Exhibit(C).

That goes contrary to the Law in Abu-Jamal v. Wetzel and
Estellevv Gamble, 429 U.S. 97,103(1976), on what is diagnose.,
now for the Defendants; to say they have no involvement., when
they created this atmosphere provin[g] a motion to dismiss; is
in appropriate once there is facts in dispute. Motion, page. 2
to.3.

Defendants' attorney argues at page 4, Plaintiff's claims
against Dr. Carl Keldie and Dr. Jay Cowan., should be dismiss
because Plaintiff Turner, has failed to articulate [ their    ]
personal involvement; Turner, reject this position because the
Correct Care Solution., was one of the architect of [ those   ]
protocols to deny treatment for Hep-C.

And when a grievance is filed citing Abu-Jamal v. Wetzel
they was put on notice accordingly to FRCP Rule. 8(a) also the
grievances,; concerns was presented to central office.,' see.
Exhibit(D), as well as Evancho v. Fisher 423 F.3d 347(3d Cir.
2005), with non action CHDA Ms. Holly of March/2017, stated in
exhibit(C).

Also Defendant Dr. Carl Keldie relating to Correction
Care Solution, who is Correct Care Solution, is apart of those
corporations that maintain these policies to stop treatment for

(3)

Hep-C., just because of cost. Allowing Turner, to suffer [ a] rash that burns when washing up and during sweating a sign of cirrhosis; now to say they have no part in this matter when a grievance is filed stating the Law on treatment, Abu-Jamal.vs. Wetzel. Id.

The same with Defendant Joseph Silva of (CCS)., another member of the corporation who acquiesce to maintain these (PP) policies of protocols to cease treatment for Hep-C, all because of cost, causing Turner to suffer these injuries as well as Dr Jay Cowan, of DOC HCSD, who was also notified once the grievance was filed citing Abu-Jamal v. Wetzel.

Defendant Dr. MA Kuren, DOC, HCC at Frackville, who's see Turner's chronic clinic every six months where Turner explain his situation of Hep-C., concerning the rash with its affects of burning that was stated in the grievance. Only to be denied treatment for this matter also the affects of arthritis.; with pain and numbness of the fingers yet received no treatment see Chimenti v. Pa. Dep't of Corr., 2017 U.S. Dist. LEXIS 124892[] (E.D.Pa., Aug. 7, 2017), on Hep-C and Estelle v. Gamble, 429 U.S. 97,103(1976), on what's diagnose.

Defendant CHDA Ms. Holly, who also sit on the DOC, HCC at Frackville, was written to yet allowed her RN.; to respond[3] but took no action from this date March/2017; including [ now] letting these injuries of pain and suffering to continue, that warrants this Memorandum of Law for clarity to the Defendants' Motion to Dismiss, at page 4to7.

And when these persons who are being sued in their individual

---

3. Exhibit(C).

and official capacities, denied treatment on the findings of cost
causing Turner; to still suffer these medical complications.;
has open a door on a plausible Eighth Amendment claim., see.
Allah v. Thomas, 679 F.App'x 216, 220(3d Cir. 2017;(quoting
Roe v. Elyea, 631 F.3d 843,863(7th Cir. 2011), for guidance.

Moreover, by Turner's memorandum with some dates, and
facts;[d]emonstrates this Court, should be able to see there's
[facts] in support of his claims of denial of treatment which
addresses the issue a motion to dismiss; is in appropriate see
Cruz v. Beto, 405 U.S. 319, 32291972). And Conley v. Gibson.,
355 U.S. 41,45-46(1957).

Turner, argues a pro-se complaint, should be held to a
less strict standard as an attorney, who moves to address other
violations. These wanton negligence, reckless, and negligence
act by the Defendants, page 7to8. Who knew yet denied treatment
just because of cost relating to Hepatitis C, and Arthritis.;'
which has place Turner, in harms way.

Memorandum, is appropriate with exhibits to address [a]
motion to dismiss by the Defendants; when Turner can prove they
acted under the color of State Law; concerning the two essential
elements when they violated Turner's State and Federal rights
(1) That a right secured by the Constitution or Law of [this]
United States was violated and (2) That the alleged violation
was committed by a person acting under the color of State Law.;'
see. West v. Alkins, 487 U.S. 42,48,108 S.Ct 2250, 101 L.Ed.
2d 40(1988).

This issue here is care and custody where the Defendants
" acts and missions in failing to provide any medical [care;]
that constitute a deliberate indifference to the serious medical

(5)

needed such as Turner infected with Hepatitis., thereby show/
establishing, a violation of the Eighth Amendment, Estelle v.
Gamble, 429 U.S. 97, Id. Also failure to treat can result [in]
substantial and unnecessary suffering, injury, or death, see
Tsakons v. Cicchi.; 308 F App'x 628-32(3d Cir. 2009).

Defendants' attorney took the position at page.9,, of
their motion to Dismiss, stating Turner's complaint., fail to
articulate a cognizable claim for violation of th[e] Eighth
Amendment, against Correct Care Solution on premise vicarious
liability unless the corporation; with deliberate indifference
to the consequences, establish and maintained a policy citing
Monell v. New York City Dept. of Social Sevs, 436 U.S. 658-89
(1978), page. 9to12 of their Motion to Dismiss.

And Turner; agrees, because his complaint is all about
policies and customs where Turner received no treatment for Hep
C., all because of protocol implemented by Correct Care Solution
who can be held liable for any constitutional deprivations.;'
suffered by Turner. If there is a direct causal link betwee[n]
a...policy or custom and the alleged constitutional deprivation,
City of Canton v. Harris, 489 U.S. 378,385,109 S.Ct. 1197,103
L.Ed.2d 412(1989).

A direct causal link can be shown in two ways. First.,'
" a body [such as Correct Care Solution]..can be sued directly
if it is alleged to have caused a constitutional tort through
'a policy, statement, ordinance, regulation, or decision [   ]
officially adopted and promulgated by the body's officers.;''
City of St Louis v. Praprotnik, 485 U.S. 112,121, 108 S.Ct 915
,99 L.Ed.3d 107(1988), Second, the claimant can establish the

(6)

requisite causal link between the constitutional deprivation
of no treatment for Hep-C., or arthritis.

Where a grievance was filed stating the Law and, names
such as Carl Keldie, Joseph Silva, Dr. Paul Noal[4]· Dr. Jay
Cowan and other[5]· who acquiesce the protocol policie[s] and,
customs; denying treatment all because of cost, demonstrating
a plausible Eighth Amendment claim and wanton negligence claim
as well.

Since the Defendants attorney moved for a "motion [to]
dismiss," a memorandum is warranted to address the due process
claim of page 12to14; by affidavits of inmates at SCI Frackville;
who received treatment for hep-C., citing Abu-Jamal v. Wetzel,
2017 WL 34700(M.D.Pa. Jan. 3, 2017). Where Doctor Noel; I spell
Noal, which might be incorrect; for Correct Care Solution.;''
testified in this case "protocol does not precluded treatment
for Hep-C, showing this is a policy and custom; explaining more
Hep-C.; can cause skin conditions., necrolytic acral erthema'
(NAE) if I'm correct as well psoriasis and eczema, see th[e]]
Exhibit(E), the Affidavits. 1,2

Attorney for the Defendants; when on at page 12to14; to
say Turner failed to articulate whether he is asserting [his]
due process violations under the Fifth or Fourteenth Amendment.
Which moves Turner; by these affidavits, satisfying the 2 two
prong test of Kentucky Dep't Corrections v. Thompson, 490 U.S.
454(1989).

By this stated above, and the Bill of Right under the

---

4. Exhibit(E), the Affidavits. 1,2
5. Exhibit(A), the initial grievance citing Abu-Jamal v. Wetzel.

Fifth Amendment Turner can also move by the Fourteenth as well demonstrating by a Memorandum with exhibits there are [facts] in support of Turner's claims proving Defendants' Motion to Dismiss; must not stand.

Attorney for the Defendants; took the position at page 14 to 17, to dismiss any Professional negligence claim. because Turner; failed to file a valid Certificate of Merit, petition where the Defendants., diagnose Turner with Hep-C and Arthritis.

Who offered no dispute on their diagnoses and gave [no] treatment, now for the Attorney; to move in this matter, ha[s] disregarded Rule 1042(a)., footnot; or "stated another way," also there no strict construction of the rules.[6].

This demonstrates the Defendants; deviated from [ an ] acceptable professional standard; by not given any treatment.; just because of policy when it comes to cost proving a motion to dismiss; should not stand.

Turner, has addressed every persons mention in thi[s] Motion to Dismiss and states he entitled to relief from all individuals mention or not who's responsible for his [h]ealth care and doc medical policies.

Respectfully submitted

*William D. Turney*

William D. Turner
AM 5992
1111 Altamount Blvd

Date. *4.20.18*

6. Pennsylvania Rules of Civil Procedure. Rule. 126. The Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they're applicable. And the Court would disregard error or defects as long no parties right are violated.

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
[ 0 1 3 5 5 4 ]
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>Ms. Newberry | FACILITY:<br>SCI Frackville | DATE:<br>8.16.17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>AM 5992 william D. Turner | SIGNATURE OF INMATE:<br>_William D. Turner_ | |
| WORK ASSIGNMENT:<br>Glo | HOUSING ASSIGNMENT:<br>AC 17 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

   I am filing this grievance because the continue refusal of DOC to treat my
   hepatitis C is causing me ongoing health problem, including cirrhosis, concentration and
   memory problems, chronic fatigue, a skin rash, and eyes, are having problems.
   I am submitting this grievance against the DOC, Secretary Wetzel,
   Correct Care Solution, Carl Keldie,Josep Silva(DOC Health Care Services Director), Dr Paul
   Noel,Dr. Jay Cowan, the DOC's hepatitis C committee, SCI Frackville Doctort PA Kuren, visor
   Ms. Aunes, CHA Ms. Kelly and Sharon Selki; An any and all individuals or entities responsible
   for my health care and/or DOC medical care policy. The hepatitis C from which I suffer is
   causing on-going and irreversible damage to my liver, I have cirrhosis and the above named
   symtom, and been placed at a much greater risk of developing liver disease, hepatcellular
   carcinma, as well as an increased risk of death. I have not been treated even though I was
   told  I would to be see my Abu-Jamal v. Wetzel, that warrents hundred thousand or more dollars
   by these acts. There is no medical reason for denying treatment, as the medications for Hep-C
   are fast acting, safe, and effective which should been treated years ago, but the DOC has denied
   and delayed treatment without any medical justification justification up to present time.
   I am requesting treatment with direct-acting artiivical an drugs and monetary for
   the extreme delay and continued denial of necessary treatment for my Hep-C.

B. List actions taken and staff you have contacted, before submitting this grievance.

   persons stated above  from the DOC and Frackville SCI

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                              8 | 16 | 17
Signature of Facility Grievance Coordinator                      Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

MEMORANDUM OF LAW
EXhibit (A) 1

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***                       ***Attachment 1-A***
Issued: 1/26/2016
Effective: 2/16/2016

# INITIAL REVIEW RESPONSE
## (SCI Frackville)
### (1111 Altamont Blvd Frackville, PA 17931)

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follow

| Inmate Name: | Turner, William | Inmate Number: | | AM-5992 |
|---|---|---|---|---|
| Facility: | SCI-Frackville | Unit Location: | | AC-17 |
| Grievance #: | 692554 | Grievance Date: | | 8-16-2017 |
| Publication: (if applicable): | | | | |

| Decision: | Uphold Inmate |
|---|---|
| X | Grievance Denied |
| | Uphold in part/Denied in part |

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | | | | *Frivolous* |
|---|---|---|---|---|---|

I reviewed your grievance # 692554, medical record and Electronic Health Record (EHR). You are grieving because the DOC is denying you Hepatitis C treatment.

Every six months you are seen in clinic by the medical director. An examination and assessments are performed related to your Hepatitis. Laboratory studies are also done every six months. Based on the medical data and information gathered at these visits, a determination is made if you meet the guidelines to receive Hepatitis C treatment.

This grievance, # 692554 is denied because you are not a candidate for Hepatitis C treatment at this time. Monetary rewards are not compensated via the grievance process.                                             jn

| Signature: | Karen Holly  *KH* |
|---|---|
| Title: | CHCA |
| Date: | 8-25-2017 |

cc:   Facility Grievance Coordinator
      DC-15
      File

MEMORANDUM OF LAW

Exhibit (B)

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-D*

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>*CHDA* | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>*M Hohhy* | 2. Date: *3.20.17* |
| 3. By: (Print Inmate Name and Number)<br>*William D. Turner, AM5991*<br>*William D. Turner*  AM5991<br>Inmate Signature | 4. Counselor's Name<br>*MR* |
| | 5. Unit Manager's Name<br>*Mr. W.* |
| 6. Work Assignment<br>*NONE* | 7. Housing Assignment<br>*RHU   EB 29* |

8. Subject: State your request completely but briefly. Give details.

*I was told, care was over-looking Hep C, and since we fall under med-care my question is why I have not been prep for treatment?*

*Sincerely*
*ed. Turner*

9. Response (This Section for Staff Response Only)

*You will be scheduled for a medical conference which will be arranged with the RHU security staff for the date and time*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name __Sharon Selbi RN__ , __Sharon Selbi RN__ Date _3/22/2017_
Print                Sign

MEMORANDUM OF LAW

*EXHIBIT (C)*          *C*

Revised July 2000

2017

**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | William Turner | Inmate Number: | AM5992 |
| --- | --- | --- | --- |
| SCI Filed at: | Frackville | Current SCI: | Frackville |

| Grievance # (if available): | 682607, 693400, 692554 |
| --- | --- |

| | | |
| --- | --- | --- |
| | | a) You have already received final disposition/review on this issue through this Office. |
| | | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | | c) You have already filed a grievance to seek review and resolution of this matter. |
| | | d) You are encouraged to work through institutional channels to resolve your complaint initially.  If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | | e) You failed to provide the official grievance number for identification purposes. |
| | | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review.  Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | | g) You have not yet appealed this issue to the Facility Manager.  Final review will not be granted until you do so.  Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review.  Be sure that your appeal to this office includes all the necessary documents as outlined in DC ADM 804.  If all documents are not received with your appeal, it may be dismissed.  This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| | X | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

**Comments/Action Taken:**
I am in receipt of your letter to this office dated 11/28/17 regarding the status of the above referenced grievances. You feel that your life is in danger due to grievances not being answered such as the ones listed above. You feel that these acts are denying you treatment and no compensation for materials lost at no fault of your own.

Upon review this office found that in regards to grievance number 682607, a remanded response was completed on 12/7/17. You should be in receipt of that response by this time and if so, you may appeal to this office again if not satisfied. If not, you may request a copy of the response from Ms. Newberry.

In regards to grievance number 693400, records reflect that a remanded response has not yet been completed for this grievance. This office has been in contact with staff at SCI Frackville in regards to a response needing to be completed for this grievance. Staff at Frackville are aware that a response needs to be completed and this office will continue to monitor the response status.

In regards to grievance number 692554, records reflect that this office received a response back from the Bureau of Health Care Services on 12/4/17 and a final review response was completed on 12/5/17. You should be in receipt of our response by this time as well.

Your concerns of delayed responses is noted; however, you provide no information/evidence to suggest that you are being denied any type of treatment at this time.

| Signature: | Keri Moore *Keri Moore* | Title: | Assistant Chief Grievance Officer |
| --- | --- | --- | --- |
| Date: | 12/20/17 | | |

KLM

cc:   DC-15/Superintendent Brittain
Grievance Office

MEMORANDUM OF LAW

Exhibit (D)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM D. TURNER,                    :
        PLAINTIFF.

                        :

                        :                      AFFIDAVIT

      V.                 :

                        :    CIV. ACTION NO. 4:18cv00361

JOHN E. WETZEL, ET AL.,    :
        DEFENDANTS.    :


PLAINTIFF'S AFFIDAVIT OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS.


    William D, Turner, declares under penalty of perjury:

    1.    I am the plaintiff in the above-entitled case. I make this declaration in opposition to Defendant's Motion to Dismiss, as to their denial of treatment for Hep-C as well as arthritis concerning due process.

    2.    Defendants claim in their motion,,that there were no material involvement or facts in dispute relating to " Due Process." In reality there are many facts in question.

    3.    Such as _Mapr J_____ age 67., who is at SCI Frackville, 1111 Altamount Blvd, Frackville, Pa. 17932.; that receives treatment for Hep-C., addressing the Due process question, his (s) _Major Tillecy AM9786_.

    4.    This affidavit demonstrates material information addressing the Equal Protection Clause.

MEMORANDUM OF LAW

(1) Exhibit (E).

5.    And reading the case Abu-Jamal v. Wetzel, Civil-
Action No. 16-2000. 2017 U.S. Dist LEXIS 368, 2017 WL 34700.,
(M.D.PA. Jan 3, 2017), where Doctor Noel.; for Correct Care on
Solution; testified protocol does not preclude treatment, for
Hep-C. also Hep-C., can cause a skin condition which Turner.;
has stated in his complaint.

6.    The question now is why Turner,; could not have
the same treatment?

7.    These factual disputes cannot be resolved with out
a trial.

Wherefore, the Defendants' motion to dismiss, should be
denied.

(S) _William D. Turner_
William D. Turner
AM 5992
SCI Frackville,
1111 Altamount Blvd
Frackville, Pa. 17932

I declare under the penalty of perjury that the fore
going is true and correct.

Signed this _____ day of _____, 2018.

_William D. Turner_
William D. Turner

(2)

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
TS1131

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Mrs. Newberry | FACILITY SCI Frackville | DATE 1.10.2019 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) William D. Turner AY 5992 | SIGNATURE OF INMATE *William D Turner* | |
| WORK ASSIGNMENT block work | HOUSING ASSIGNMENT AC-17 | |

**INSTRUCTIONS**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

The grievance is filed by this malicious acts of Karen Holly CHCA, who stated on several occasions by Garcia Laboratory's studies of Turner's blood work, every six months and data, from from February 11, 2016 to August 25, 2017 and on. Turner, did not fit the guide lines.;' to receive Hepatitis C, treatment; Practitioner Tony Iaruzzy, Dr. H. Pardya and other medical staff, as well.

Who mislead superintendent Ms. K. Brittain, by false documents or the Bureau of Health Care did not review all documents before denying treatment. Because on January 9, 2019.; Turner, was told by the nurse at two twenty five afternoon; he had cirrhosis level four.;, that warrants this grievance on pain and suffering because somebody did something to Turner's medical record being reviewed every six months.

Where Turner, seeks relief of immediate treatment and a Hundred dollars or more by this malicious denial treatment that cause Turner liver damage violating care and custody, also not to come in contact with these individuals for sick call or any other medical reasons.

In faith...

B. List actions taken and staff you have contacted, before submitting this grievance.

there is no other way.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action R
GOLDEN ROD Inmate Copy



*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 3/31/2014
Effective: 5/1/2014

*Attachment 1-A*

B

# INITIAL REVIEW RESPONSE
## (SCI Frackville)
### (1111 Altamont Blvd Frackville, PA 17931)

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follow

| Inmate Name: | Turner, William | Inmate Number: | AM-5992 |
|---|---|---|---|
| Facility: | SCI-Frackville | Unit Location: | AC-17 |
| Grievance #: | 692554 | Grievance Date: | 8-16-2017 |

Publication (if applicable):

**Decision:**
  Uphold Inmate
X  Grievance Denied
  Uphold in part/Denied in part

It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.

**Response:**                                                                    Frivolous

I reviewed your grievance # 692554, medical record and Electronic Health Record (EHR). You are grieving because the DOC is denying you Hepatitis C treatment.

Every six months you are seen in clinic by the medical director. An examination and assessments are performed related to your Hepatitis. Laboratory studies are also done every six months. Based on the medical data and information gathered at these visits, a determination is made if you meet the guidelines to receive Hepatitis C treatment.

This grievance, # 692554 is denied because you are not a candidate for Hepatitis C treatment at this time. Monetary rewards are not compensated via the grievance process.                                    jn

| Signature: | Karen Holly |
|---|---|
| Title: | CHCA |
| Date: | 8-25-2017 |

cc:   Facility Grievance Coordinator
      DC-15
      File

**C**



# GARCIA LABORATORY

2195 SPRING ARBOR ROAD • JACKSON, MICHIGAN 49203
PHONE (517) 787-9200 • (800) 888-8598 • FAX (517) 787-1249

Status: FINAL

| ORDERING PHYSICIAN PANDYA, DR | NAME TURNER , WILLIAM | SEX M | ACCESSION NO. 201603555600 | CONTROL NO. 938495 |
|---|---|---|---|---|
| FACILITY NO. PAV | DOB 01/24/1953 | ACCOUNT NO. PRIS 4708040 | DATE COLLECTED 03/23/2016 06:30 | DATE RESULTED 03/26/2016 06:41 |
| PA DOC 1111 Altamont Blvd FRACKVILLE, PA 17931 | EMR ID | INMATE ID AM5992 | | |

## Abnormals Summary

| | | | |
|---|---|---|---|
| HCV RNA QUAL | POSITIVE | HCV RNA, QUANT | 883440 |
| CHEMICAL HDL | 37 | LDL CALCULATED | 108 |

| Test Description | Result | Abnormal Flag | Reference Range | Units | Prev. Lab Res |
|---|---|---|---|---|---|
| FASTING | | | | | |

### HEPATITIS C VIRUS RNA QUANT — Col: 03/23/2016 — Status: F

| | Result | Flag | Reference Range | Units |
|---|---|---|---|---|
| HCV RNA QUAL | POSITIVE | A | NEGATIVE | |
| HCV RNA, QUANT | 883440 | H | 0-12 | IU/mL |
| LOG HCV IU/mL | 5.95 | | | |

THIS PROCEDURE UTILIZES A REAL-TIME POLYMERASE
CHAIN REACTION (PCR) TEST FROM ABBOTT MOLECULAR.
THE AMPLIFICATION TARGET IS A CONSERVED REGION
OF THE HCV GENOME. THE LOWER LIMIT OF
QUANTITATION IS 12 IU/mL. (1.08 LOG IU/mL) AND THE
UPPER LIMIT OF QUANTITATION IS 100 MILLION IU/mL
(8.00 LOG IU/mL).
-------------------------------------------------
THE QUALITATIVE LIMIT OF DETECTION IS 12 IU/mL
(1.08 LOG IU/mL).
-------------------------------------------------
SPECIMENS REPORTED AS POSITIVE BUT <12 IU/mL
CONTAIN DETECTABLE LEVELS OF HEPATITIS C RNA
BUT THE VIRAL LOAD IS BELOW THE LIMIT OF
QUANTITATION. A NEGATIVE RESULT DOES NOT RULE
OUT INFECTION.

*Handwritten: Aug 2015; MELD = 7.5  APRI = 0.327  FIB4 = 1.38*

### LIPID SCREEN — Col: 03/23/2016 — Status: F

| | Result | Flag | Reference Range | Units | Prev |
|---|---|---|---|---|---|
| CHOLESTEROL | 157 | | 0-200 | MG/DL | 182 |

DESIRABLE: LESS THAN 200 MG/DL
BORDERLINE HIGH: 200-239 MG/DL
HIGH: GREATER THAN OR EQUAL TO 240 MG/DL

| | Result | Flag | Reference Range | Units | Prev |
|---|---|---|---|---|---|
| TRIGLYCERIDES | 58 | | 0-150 | MG/DL | 72 |

NORMAL: <150 MG/DL
BORDERLINE: 150-199 MG/DL
HIGH: >=200 MG/DL

| | Result | Flag | Reference Range | Units | Prev |
|---|---|---|---|---|---|
| CHEMICAL HDL | 37 | | 40-60 | MG/DL | 40 |

LOW: <40 MG/DL
NORMAL: 40-60 MG/DL

| | Result | Flag | Reference Range | Units | Prev |
|---|---|---|---|---|---|
| VLDL | 12 | | 0-40 | MG/DL | 14 |
| LDL CALCULATED | 108 | | 0-100 | MG/DL | 128 |

OPTIMAL: <100 MG/DL
BORDERLINE: 100-159 MG/DL
HIGH: >=160 MG/DL

*Diagnostic Stamp — Name ___ Date ___ A | N | required DC-478 Soap Note*

*Handwritten: F/U in C. Clinic*

### PROSTATE SPECIFIC AG — Col: 03/23/2016 — Status: F

SCI FRACKVILLE

Director: Lorenz P. Kielhorn, MD

Continued on Next Page

Printed: 03/28/2016 10:10     Printed     Pg: 1



**D**

DC-804
Part 1
Rev 9/2010

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE
5 ⋅ 4 ⋅ 6 ⋅ 1 ⋅ 8
GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Ms. Newberry. | SCI-Frackville | 7-3-15 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| William D. Turner AM 5992 | William D. Turner |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| Block worker | CC-16 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

    This grievance is filed because of the comments by Practitioner Ianuzzy.; on or about June 28, 2015; during a medical conference relating to grievant's blood work concerning hepatic B, and C. Where Mr. Ianuzzy, stated Turner, the griever., did not have hep B; however, did affirm griver Turner's hep C, upon asking about blood load and treatments the Practitioner.; stated " the new treatment is to expensive and when a individual get to old the Department of Corrections wont treat a prisoner," are address blood load.

    Demonstrating an issue for Court, under care and custody because Turner is entitled to treatment as well as to see a gastroenterologist, warrating twenty thousand or more if not corrected.

B. List actions taken and staff you have contacted, before submitting this grievance.

    Seeing MA Kumar, for this matter who again talk about cost, and Unit Manager W, of CC block.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

7/8/15
_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

**E** .-A

**Amended Final Appeal Decision**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | William Turner | Inmate Number: | AM5992 |
| --- | --- | --- | --- |
| SCI Filed at: | Frackville | Current SCI: | Frackville |

| Grievance #: | 574698 |
| --- | --- |

| Decision: | ☒ Uphold Response (UR) HC<br>☐ Uphold Inmate (UI)<br>☐ Uphold in part/Deny in part |
| --- | --- |
| | *It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.* |
| **Response:** | *Frivolous* |
| | Your concern of not being provided proper medical care for Hepatitis C was reviewed by the staff of the Bureau of Health Care Services. They reviewed the medical record and determined that the medical care provided was reasonable and appropriate. The DOC has updated its protocol for treating Hepatitis C. You will continue to be monitored in chronic care clinic as determined by your treatment plan. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. No evidence of neglect or deliberate indifference has been found. Therefore, your grievance appeal to this office is denied as well as your requested relief. |

| Signature: | Dorina Varner *(signature)* |
| --- | --- |
| Title: | Chief Grievance Officer |
| Date: | 2/11/2016 |

DLV/amw

cc:   DC-15/Superintendent Tritt
      Grievance Office

F