# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,

      Plaintiff,

      v.

JOHN E. WETZEL, Secretary of
Corrections, et al.,

      Defendants.

CIVIL ACTION NO. 4:18-cv-00361

(BRANN, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action. The *pro se* plaintiff, William D. Turner, is a state prisoner incarcerated at SCI Frackville, which is located in Schuylkill County, Pennsylvania. In his *pro se* amended complaint, he alleges that the various defendants have deprived him of his constitutional rights under the Eighth and Fourteenth Amendments by their deliberate indifference to his serious medical needs. The plaintiff suffers from Hepatitis C, and he alleges that the defendants have refused to provide him with a particular course of medical treatment for this disease.

This action was commenced upon filing of the plaintiff's original *pro se* complaint in the Court of Common Pleas for Schuylkill County,

Pennsylvania, on January 19, 2018. (Doc. 1-1). The action was timely removed from state court to federal court by a set of jointly represented defendants—Dr. Carl Keldie, Dr. Jay Cowan, and Correct Care Solutions, LLC (together, the "Medical Defendants")—on February 13, 2018. (Doc. 1). In addition to the Medical Defendants, the original complaint named several defendants employed by the state department of corrections (the "Corrections Defedndants"): John E. Wetzel, Secretary of Corrections; Joseph Silva, director of the DOC's Bureau of Health Care Services; Dr. Paul Noel, medical director of the DOC; Dr. M.A. Kuren, a physician and a member of the "Hepatitis C" committee at SCI Frackville; Ms. Kuras, a registered nurse supervisor at SCI Frackville; Karen Holly, corrections health care administrator at SCI Frackville; Sharon Selbi, a registered nurse at SCI Frackille; Dr. Haresh Pandya, a physician who treated Turner at SCI Frackville; and Nelson Iannuzzi, a certified registered nurse practitioner who treated Turner at SCI Frackville.[1]

The Medical Defendants moved to dismiss the original complaint

---

[1] The plaintiff's pleadings mistakenly refer to Mr. Silva as "Josep Silva," Dr. Noel as "Dr. Noal," and Mr. Iannuzzi as "Tony Ianuzzy." For this report, we have used the correct format and spelling of their names as set out in their motion papers.

for failure to state a claim upon which relief could be granted. (Doc. 10.) On December 28, 2018, we recommended that the motion be granted in part and denied in part, and that the original complaint be partially dismissed. (Doc. 30.) We further recommended that the plaintiff be granted leave to amend his complaint to attempt to cure the pleading defects of the original complaint. On February 7, 2019, the Court adopted our recommendation and dismissed the claims against the Medical Defendants without prejudice and with leave to amend. (Doc. 41.)

On February 19, 2019, the plaintiff timely filed his amended complaint. (Doc. 46.) The amended complaint was an almost-verbatim copy of the original complaint, now supplemented with several exhibits. It also added two new defendants, Dr. Pandya and Mr. Iannuzzi.

On March 12, 2019, the Medical Defendants—joined now by Dr. Pandya and Mr. Iannuzzi—filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, together with a brief in response. (Doc. 53 Doc. 54.) That same day, the Corrections Defendants filed a motion to dismiss the amended complaint as well. (Doc. 55.) The Corrections Defendants filed a brief in support two weeks later, on March 26, 2019. (Doc. 57.) On March 29, 2019, Turner

filed a brief in opposition to the Medical Defendants' motion. (Doc. 58.)
On April 15, 2019, he filed his brief in opposition to the Corrections
Defendants' motion. (Doc. 61.) On April 25, 2019, he filed a supplemental
brief in opposition to the Medical Defendants' motion. (Doc. 64.) These
motions are now fully briefed and ripe for disposition.

## I.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a
defendant to move to dismiss for "failure to state a claim upon which
relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a
motion to dismiss may be granted only if, accepting all well-pleaded
allegations in the complaint as true and viewing them in the light most
favorable to the plaintiff, a court finds the plaintiff's claims lack facial
plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir.
2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56
(2007)). In deciding the motion, the Court may consider the facts alleged
on the face of the complaint, as well as "documents incorporated into the
complaint by reference, and matters of which a court may take judicial

notice."[2] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. Sept. 25, 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## II. DISCUSSION

The plaintiff's *pro se* amended complaint has asserted federal civil rights claims brought under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance,

---

[2] Here, in addition to the amended complaint itself, we have also considered the various documents attached thereto by the plaintiff as exhibits, mostly inmate grievance records that provide additional detail to clarify the nature of his claims.

> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

In his *pro se* amended complaint, the plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment to the United States Constitution. In particular, he alleges that he suffers from Hepatitis C, but the defendants have refused to provide him with

particular course of treatment—an antiviral medication named Harvoni—that is allegedly 99 percent effective at curing the disease. He alleges, in cursory fashion, that this denial was based on the cost of treatment, rather than for medical reasons. He further appears to claim that this denial is a violation of his due process rights under the Fourteenth Amendment. Turner seeks declaratory, relief, injunctive relief, and compensatory and punitive damages against the defendants.

## A. Original Medical Defendants

In his amended complaint, the plaintiff has maintained the same § 1983 claims as in his original complaint against Correct Care Solutions, Dr. Keldie, and Dr. Cowan. He has pleaded no additional facts whatsoever regarding these defendants in his amended complaint. Turner's § 1983 claims against Dr. Keldie and Dr. Cowan in his original complaint were dismissed for failure to plead sufficient facts to demonstrate their personal involvement in the alleged constitutional violations, and his § 1983 claim against Correct Care Solutions was dismissed for failure to plead facts regarding any corporate policy or custom that caused the alleged constitutional violations. The amended complaint has failed to cure this pleading defect, which is fatal to

Turner's § 1983 claims against these three defendants. So, for the same reasons articulated in our previous report and recommendation (Doc. 30), we recommend that the plaintiff's § 1983 claims against Correct Care Solutions, Dr. Keldie, and Dr. Cowan in the amended complaint be dismissed once again for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but this time with prejudice and without leave to amend.

### B. Treating Physicians and Nurse Practitioner

In the amended complaint, Turner has added § 1983 claims against Dr. Pandya and Mr. Iannuzzi, and he has maintained the same § 1983 claim against Dr. Kuren. Turner appears to claim that Kuren, Pandya, and Iannuzzi were deliberately indifferent to his serious medical needs because they declined to provide him with his preferred form of treatment for Hepatitis C. While the amended complaint itself is no model of clarity, based on the few facts alleged and the attached exhibits incorporated into it by reference, it appears that, in accordance with a treatment protocol, a physical examination and blood testing were performed on Turner every six months to monitor his viral load. Despite Turner's regularly testing positive for Hepatitis C, Dr. Kuren, Dr. Pandya, and Mr. Iannuzzi

declined to prescribe the treatment regimen he preferred—a course of an antiviral medication named Harvoni. These medical determinations apparently were consistent with an established DOC protocol for treatment of inmates with Hepatitis C, which Turner also challenges— the amended complaint does not include any details regarding the challenged protocol or regarding the specific medical treatment received by Turner under this protocol.[3]

The Eighth Amendment to the United States Constitution protects

---

[3] In his opposition briefs, Turner has referenced a decision by this Court with respect to a preliminary injunction in another case against several of the same defendants also involving a challenge to the DOC's Hepatitis C treatment protocol. *See Abu-Jamal v. Kerestes*, No. 3:15-CV-00967, 2016 WL 4574646 (M.D. Pa. Aug. 31, 2016). The court's opinion in *Abu-Jamal* recites numerous findings of fact regarding the DOC's Hepatitis C treatment protocol based on testimony and documentary evidence received into the record at an evidentiary hearing in that case, which may have proven helpful in guiding the plaintiff to obtain relevant discovery or to secure admissions of material fact from the defendants in this case—had he gotten that far—but which does nothing to cure the pleading defects that compel dismissal of this case. We note in particular that the *Abu-Jamal* case remains pending before this Court, and the case having not yet reached final judgment, this plaintiff is not permitted to use the Court's findings on a motion for preliminary injunction in *Abu-Jamal* to establish—or foreclose the defendants from relitigating— factual issues in this case. *See generally Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248–49 (3d Cir. 2006) (summarizing standards for application of the doctrine of non-mutual offensive collateral estoppel).

prisoners from cruel and unusual punishment, including "the unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To prevail on an Eighth Amendment claim, an inmate must show: (1) a deprivation that is objectively sufficiently serious; and (2) "a sufficiently culpable state of mind" of the defendant official. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). There are different standards for Eighth Amendment violations depending on the type of claim. An Eighth Amendment challenge to prison conditions such as this is subject to the deliberate indifference standard. *See id.* at 835–36. Prison officials are deliberately indifferent when they know of and disregard a substantial risk of harm to a prisoner. *Id.* at 836. Moreover, a prisoner must produce evidence of serious or significant physical or emotional injury resulting from the challenged prison condition. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

> To be liable on a deliberate indifference claim, a defendant prison official must both "know[] of and disregard[] an excessive risk to inmate health or safety." The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware. However, subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so

> obvious that the official must have known of the risk.
> Finally, a defendant can rebut a prima facie
> demonstration of deliberate indifference either by
> establishing that he did not have the requisite level of
> knowledge or awareness of the risk, or that, although he
> did know of the risk, he took reasonable steps to prevent
> the harm from occurring.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (quoting and citing *Farmer*, 511 U.S. at 837–38, 842, 844) (citations omitted) (alterations in original).

To state a cognizable Eighth Amendment claim for improper medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious." *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).

With respect to the deliberate indifference prong of the *Estelle* standard, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "[M]ere allegations of malpractice do not raise issues of constitutional import." *Monmouth Cty.*

*Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). A mere difference of opinion between the prison medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *Id.* at 346; *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). Moreover, a prison doctor's use of a different treatment regimen than that prescribed by a private physician does not amount to deliberate indifference. *Johnson v. Cash*, 557 Fed. App'x 102, 104 (3d Cir. 2013) (per curiam) (citing *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977)). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The key question is whether the defendant provided the inmate with some type of treatment, regardless of whether it is what the plaintiff desires. *Farmer*, 685 F. Supp. at 1339. The complaint must allege that the defendant "knows of the prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment for a non-medical reason, or prevents a prisoner from receiving needed medical

treatment." *Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. App'x 142, 146 (3d Cir. 2012).

With respect to the serious medical need prong of the *Estelle* standard, a serious medical need exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 825.

> [T]he concept of a serious medical need . . . has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences. The detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Lanzaro*, 834 F.2d at 347).

Here, Turner's § 1983 claim relies solely on his own lay opinion regarding the proper course of treatment for his Hepatitis C, and on a purely conclusory allegation that he has been denied that course of treatment due to cost. Turner does not allege that he was denied treatment altogether for Hepatitis C—his pleadings and the attached exhibits acknowledge that he received a physical exam and blood testing

every six months to monitor the progression of the disease—but merely that he did not receive the treatment that he desired. He has failed to allege anything more than a difference of opinion between himself and his prison doctors with respect to the preferred course of treatment for his viral infection.

Accordingly, it is recommended that the plaintiff's § 1983 deliberate indifference claims against Dr. Kuren, Dr. Pandya, and Mr. Iannuzzi be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Nursing Defendants

Based on the same sparsely alleged facts, Turner seeks to hold Ms. Kuras, a registered nurse supervisor, Ms. Holly, a corrections health care administrator, and Ms. Selbi, a registered nurse, liable for deliberate indifference to his serious medical needs.

When a prisoner is under a physician's care, correctional health care administrators, nurse supervisors, and nurses are all considered non-medical prison officials in the context of a §1983 denial of medical care claim. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 540 n.4 (3d Cir. 2017); *Culver v.* Specter, Civil No. 1:CV-11-2205, 2014 WL 4187674, at

*1 (M.D. Pa. Aug. 22, 2014); *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001). Non-medical prison officials typically cannot be found deliberately indifferent under the Eighth Amendment if they fail to respond to the medical needs of an inmate already being treated by prison medical authorities, or if, as non-physicians, they defer to the medical judgment of the inmate's treating medical staff. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[A]bsent reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* No such knowledge or reason to believe is alleged in the amended complaint. Moreover, as discussed above, the facts alleged in the amended complaint articulate nothing more than a difference of opinion between Turner and his prison doctors with respect to the preferred course of treatment for his viral infection.

Accordingly, it is recommended that the plaintiff's § 1983 deliberate

indifference claims against Ms. Kuras, Ms. Holly, and Ms. Selbi be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. Supervisory Defendants

Apparently based on their supervisory roles with respect to medical care throughout the state correctional system, Turner seeks to hold Secretary Wetzel, Director Silva, and Dr. Noel liable for deliberate indifference to his serious medical needs.

It is well-established that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Beyond their supervisory roles, the amended complaint does not describe any specific, allegedly wrongful conduct by any of these three defendants. We note that the DOC's Bureau of Health Care Services appears to have participated in the administrative appeals process with respect to the plaintiff's grievances, potentially implicating some role by Silva or Noel as well.[4] But it is well-settled that if a prison official's only involvement is investigating or ruling on an inmate's grievance *after* the incident giving rise to the grievance has occurred, there is no personal involvement on the part of that official. *See Rode*, 845 F.2d at 1208; *see also Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d Cir. 2006) (per curiam) (characterizing such a claim as legally frivolous). "[T]he mere fact that an official receives and reviews a letter or grievance appeal is insufficient to establish personal involvement (*i.e.*, failure to respond or react does not establish that the official endorsed or acquiesced in the conduct at issue)." *Hennis v. Varner*, Civil Action No. 12-646, 2014 WL 1317556, at *9 (W.D. Pa. Mar. 31, 2014); *see also Moore v. Mann*, Civil No. 3:CV-13-

---

[4] The grievance records attached to the amended complaint include two final appeal responses indicating that the Bureau of Health Care Services played a role in those determinations denying administrative relief.

2771, 2015 WL 3755045, at *4 (M.D. Pa. June 16, 2015) ("[T]he mere fact that Defendant Wetzel may have learned about Plaintiff's claims through a piece of correspondence . . . is not enough to impute liability to Wetzel. . . . [A]n allegation that an official ignored correspondence from an inmate . . . is insufficient to impose liability on the supervisory official."); *Adderly v. Eidem*, Civil No. 3:CV-11-0694, 2014 WL 643639, at *6 (M.D. Pa. Feb. 19, 2014) ("Simply alleging that an official failed to respond to a letter or request Plaintiff may have sent raising complaints is not enough to demonstrate they had the requisite personal involvement.").

Accordingly, it is recommended that the plaintiff's § 1983 deliberate indifference claims against Secretary Wetzel, Director Silva, and Dr. Noel be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### E. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be

inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The plaintiff having failed to cure the defects of his original complaint in this amended complaint, and considering the facts alleged in the amended complaint, it is clear that further amendment of the plaintiff's federal civil rights claims would be futile. It is therefore recommended that his federal civil rights claims be dismissed *without* leave to amend.

### F. State Law Claims

In addition to his federal civil rights claims, the amended complaint may be liberally construed to assert a state-law claim for professional negligence against all defendants except for Secretary Wetzel, who is not a licensed professional. But where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been

dismissed and only state-law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that Turner's state-law professional negligence claims be remanded to the Court of Common Pleas of Schuylkill County, Pennsylvania, for further proceedings on the surviving state-law claims. *See Cohill*, 484 U.S. at 357.

## I.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.   The motions to dismiss (Doc. 53; Doc. 55) be **GRANTED in part and DENIED in part**;

2.   The plaintiff's federal civil rights claims, brought pursuant to 42 U.S.C. § 1983, be **DISMISSED with prejudice** against all defendants for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3.   The Court decline to exercise supplemental jurisdiction over

the plaintiff's state-law professional negligence claims, pursuant to 28
U.S.C. § 1367(c)(3); and

4.     This action be **REMANDED** to the Court of Common Pleas of
Schuylkill County, Pennsylvania, for further proceedings, pursuant to
the Court's inherent authority to remand supplemental claims, *see*
*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).[5]

Dated: January __13__, 2020

_Joseph F. Saporito, Jr._
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[5] *See generally Salazar v. San Juan Cty. Detention Ctr.*, 301 F.
Supp. 3d 992, 1008–09 (D.N.M. 2017) ("[A] remand under § 1367(c) is not,
despite the text and structure of the relevant statutes, a remand under
§ 1447, but rather, a remand under § 1367(c) and *Carnegie-Mellon*
*University v. Cohill*.").

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER,

       Plaintiff,

       v.

JOHN E. WETZEL, Secretary of
Corrections, et al.,

       Defendants.

CIVIL ACTION NO. 4:18-cv-00361

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

    NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January __13__, 2020. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: January __13__, 2020

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge