# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. TURNER, | No. 4:18-CV-00361 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| JOHN E. WETZEL, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 18, 2020**

William D. Turner filed this amended 42 U.S.C. § 1983 complaint alleging that Defendants violated his Eighth Amendment rights by denying him adequate medical care with respect to his Hepatitis C treatment.[1] Although Turner's amended complaint is somewhat addled, he alleges that he suffers from Hepatitis C which has resulted in severe cirrhosis.[2] Defendants test Turner's blood every six months, but refuse to provide him with an antiviral drug that has a 99% cure rate—allegedly solely because of the cost of that medication.[3]

---

[1] Doc. 46. Turner amended his complaint after this Court dismissed his first complaint for failure to state a claim. (Doc. 41).
[2] Doc. 46 at 2.
[3] *Id.* at 2-6.

Defendants thereafter filed motions to dismiss alleging that Turner failed to state a claim for relief.[4] Magistrate Judge Joseph F. Saporito, Jr., has issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendants' motion.[5] Magistrate Judge Saporito recommends dismissing Drs. Keldie and Cowan because Turner fails to allege any personal involvement on their part, and dismissing Correct Care Solutions because Turner does not allege the existence of any corporate policy or custom that may have caused his alleged harm.[6] As to Turner's three treating physicians—Drs. Pandya, Iannuzzi, and Kuren—Magistrate Judge Saporito recommends dismissal because the failure to treat Turner's Hepatitis C with antiviral medication amounts to little more than a disagreement about the proper course of medical treatment, which does not constitute an Eighth Amendment violation.[7]

Magistrate Judge Saporito further recommends dismissing Defendants Kuras, Holly, and Selbi—all nurses or administrators—because Turner was under the treatment of a physician, and nurses or administrators generally will not be found to have acted with deliberate indifference when they follow the advice and treatment regime of a treating physician.[8] Magistrate Judge Saporito also recommends

---

[4]  Docs. 53, 55.
[5]  Doc. 75.
[6]  *Id.* at 7-8.
[7]  *Id.* at 8-14.
[8]  *Id.* at 14-16.

2

dismissing all supervisory Defendants, as Turner fails to allege sufficient personal involvement for those individuals.[9] Finally, Magistrate Judge Saporito recommends dismissing without prejudice all state law claims.[10]

Turner filed timely objections to the Report and Recommendation.[11] Although he fails to object to many of Magistrate Judge Saporito's recommendations, he does assert that the Hepatitis C treatment that he receives violates the Eighth Amendment.[12] Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[13] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[14] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[15]

---

[9] *Id.* at 16-18.
[10] *Id.* at 19-20.
[11] Docs. 76, 77.
[12] Doc. 77.
[13] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[14] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[15] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because Turner objects to the recommendation that he has failed to state an Eighth Amendment claim against Drs. Pandya, Iannuzzi, and Kuren, that portion of the recommendation is subject to de novo review.[16] Turner does not, however, object to the remainder of Magistrate Judge Saporito's recommendation, and those portions are therefore reviewed only for clear error.[17]

After reviewing the record, the Court concludes that Turner has stated a viable claim against Pandya, Iannuzzi, and Kuren. As noted previously, Turner alleges that he suffers from Hepatitis C which had resulted in severe cirrhosis, and that Defendants test Turner's blood every six months, but refuse to provide him with antiviral medication due solely to the cost of the medication.[18] In *Abu-Jamal v. Kerestes*, the United States Court of Appeals for the Third Circuit recently addressed a similar claim involving the treatment of Hepatitis C in Pennsylvania state prisons, and held:

> Despite the Department Defendants' framing, Abu-Jamal's complaint does not rest on the appropriateness of the policy itself or a general right to be treated with the new antiviral drugs. Rather, Abu-Jamal pleads that he had chronic Hepatitis C and cirrhosis, his medical condition was worsening, he was a candidate for the antiviral drugs, there was consensus among the medical community that "everyone with chronic Hepatitis C be treated with those antiviral drugs irrespective of disease

---

[16] *City of Long Branch*, 866 F.3d at 99.
[17] *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of the recommendation to which no party files specific objections).
[18] Doc. 46 at 2-6.

4

stage," . . . and despite all of this, the Department Defendants denied him antiviral drug treatment for purely cost and non-medical reasons.

Because Abu-Jamal alleged that he has a serious medical condition and was denied appropriate treatment for a nonmedical reason, the District Court properly held that the FAC contained sufficient allegations to conclude that the Department Defendants were deliberately indifferent to Abu-Jamal's serious medical needs in violation of his clearly established Eighth Amendment right to medical care.[19]

In accordance with *Abu-Jamal*, Turner's allegation that he suffers from Hepatitis C and cirrhosis and should be provided with antiviral drugs, but has been denied such treatment for purely cost reasons, is sufficient to state a claim with regard to treating physicians Pandya, Iannuzzi, and Kuren. Similarly, Turner alleges that Correct Care Solutions implemented a policy that prevented antiviral treatment for inmates suffering from Hepatitis C due solely to the cost of the treatment[20] and, thus, sufficiently alleges that Correct Care Solutions has implemented a policy or practice that violates his Eighth Amendment rights.[21] Federal claims against Pandya, Iannuzzi, Kuren, and Correct Care Solutions shall therefore proceed. Because federal claims against those Defendants will proceed, the Court will likewise permit state law claims to proceed as to those Defendants only.

---

[19] *Abu-Jamal v. Kerestes*, 779 F. App'x 893, 899-900 (3d Cir. 2019) (alterations and footnotes omitted).
[20] Doc. 46 at 11-12, 18, 25, 27.
[21] *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

However, the Court finds no error—clear or otherwise—in the remainder of Magistrate Judge Saporito's thorough Report and Recommendation. The Court agrees that the remaining Defendants must be dismissed from this action for failure to state a claim and that Turner should not be granted leave to amend his federal claims against those Defendants. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 75) is **ADOPTED** in part and **REJECTED** in part;

2. Defendants' motions to dismiss (Docs. 53, 55) are **GRANTED** in part and **DENIED** in part;

3. Federal and state law claims against Pandya, Iannuzzi, Kuren, and Correct Care Solutions shall proceed;

4. All remaining claims and Defendants are **DISMISSED** from this action. Dismissal of any state law claims is without prejudice to Turner's right to raise these claims in state court; and

5. The matter is **REMANDED** to Magistrate Judge Saporito for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge