## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. TURNER, | No. 4:18-CV-00361 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| CORRECTION CARE SOLUTION, *et al.*, | |
| Defendants. | |

## ORDER

### SEPTEMBER 28, 2021

William D. Turner filed this amended 42 U.S.C. § 1983 complaint alleging that Defendants violated his Eighth and Fourteenth Amendment rights by denying him adequate medical care with respect to his Hepatitis C.[1] Several defendants were previously dismissed from this action after the Court adopted in part an earlier Report and Recommendation and granted in part two motions to dismiss.[2]

The remaining defendants thereafter filed motions for summary judgment, and Turner filed a motion for a preliminary injunction.[3] Magistrate Judge Joseph F. Saporito, Jr., has issued a Report and Recommendation recommending that this Court deny as moot Turner's motion for a preliminary injunction, dismiss claims

---

[1]  Doc. 46. Turner amended his complaint after this Court dismissed his first complaint for failure to state a claim. (Doc. 41).

[2]  Doc. 79.

[3]  Docs. 95, 98, 103.

against Ma Kuren and deny as moot Kuren's motion for summary judgment, and grant Defendants Correction Care Solution, Tony Ianuzzy, Haresh Pandya's motion for summary judgment.[4]

After receiving an extension of time, Turner filed timely objections to the Report and Recommendation, and objects to certain portions of Magistrate Judge Saporito's Report and Recommendation.[5] Where no objection is made to a specific portion of a report and recommendation, this Court will review that portion only for clear error.[6] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8] Having reviewed the record, the Court finds no error in Magistrate Judge Saporito's thorough Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that:

---

[4]  Doc. 138.

[5]  Doc. 141.

[6]  Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[7]  *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[8]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 138) is **ADOPTED**;

2. Turner's motion for a preliminary injunction (Doc. 103) is **DENIED** as moot;

3. Turner's claims for declaratory and injunctive relief are **DISMISSED**;

4. Turner's Fourteenth Amendment substantive due process claim is **DISMISSED**;

5. Turner's claims against Defendant Ma Kuren are **DISMISSED** for misjoinder and Turner's request to file a second amended complaint to substitute Mary-Joy Monsalud in Kuren's place is **DENIED** as futile;

6. Kuren's motion for summary judgment (Doc. 98) is **DENIED** as moot;

7. Defendants Pandya, Ianuzzy, and Correction Care Solution's motion for summary judgment (Doc. 95) is **GRANTED** as to Turner's Fourteenth Amendment equal protection claim and Eighth Amendment deliberate indifference claim;

8. The Court **DECLINES** to exercise supplemental jurisdiction over Turner's state law claims, and **REMANDS** those claims to

the Court of Common Pleas of Schuylkill County, Pennsylvania;

and

9.     The Clerk of Court is directed to **CLOSE** this case.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge