**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM D. TURNER, | No. 4:18-CV-00361 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| CORRECTION CARE SOLUTION, *et al.*, | |
| Defendants. | |

**ORDER**

**JUNE 3, 2026**

William D. Turner filed an amended 42 U.S.C. § 1983 complaint alleging that Defendants violated his Eighth and Fourteenth Amendment rights by denying him adequate medical care with respect to his Hepatitis C.[1] In April of 2024, the parties reached a settlement agreement that resolved the case, and this Court closed the matter.[2] The deadline to consummate the settlement was postponed several times because of communications difficulties between Turner and his attorney related to Turner's incarceration.[3]

Eventually, Wellpath LLC (formerly Correct Care Solutions, LLC) filed a suggestion of bankruptcy, notifying the Court that it had entered into Chapter 11

---

[1]  Doc. 46. Turner amended his complaint after this Court dismissed his first complaint for failure to state a claim. Doc. 41.

[2]  Doc. 168.

[3]  Docs. 169, 171, 173.

bankruptcy proceedings.[4] Accordingly, there was an automatic stay placed on the enforcement of any judgment obtained prior to the commencement of bankruptcy proceedings.[5]

In January of 2026, Turner filed a *pro se* motion[6] to enforce the settlement agreement, asserting that Wellpath had exited bankruptcy and the settlement could now proceed.[7] It is true that a final decree and order was entered in the underlying bankruptcy matter, but resolution of claims against Wellpath have not concluded.[8]

Turner, who filed a proof of claim in the bankruptcy matter, must seek redress for his claim through the bankruptcy case.[9] To the extent that Turner argues he is exempt from seeking payment through the bankruptcy proceeding and may instead independently seek to enforce the settlement here because he opted out of the third-party release, he is incorrect.[10] That opt-out, by its very terms, applies to "claims against certain non-debtor parties."[11] It does not, therefore, provide an opt-out for claims against Wellpath, which was a debtor party in that matter.

Because Turner must seek compensation through the bankruptcy proceeding and trust, there is no basis upon which the Court may grant his motion to enforce the

---

[4]   Doc. 175.
[5]   *Id.* at 2.
[6]   Turner removed his attorney from the case shortly thereafter. Docs. 181, 184.
[7]   Doc. 179.
[8]   *See In re Wellpath Holdings, Inc.*, No. 24-BK-90533, ECF No. 3201 (Bankr. S.D. Tex., July 1, 2025).
[9]   Doc. 188-1.
[10]   Doc. 189.
[11]   Doc. 189-3 at 1.

settlement agreement. Accordingly, **IT IS HEREBY ORDERED** that Turner's motion to enforce the settlement (Doc. 179) is **DENIED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge